**Ronald SCHWARTZ, Plaintiff,**

v.

**JAMESWAY CORPORATION et ano., Defendants.**

**No. CV–86–1873.**

United States District Court,
E.D. New York.

April 10, 1987.

Kaplan & Darche by Gary Darche, Kew Gardens, N.Y., for plaintiff.

Lester A. Lazarus, P.C. by Harney Friedman, New York City, for defendant Superior Togs.

Parker Chapin Flattau & Klimpl by Michael Friedman, New York City, for defendant Jamesway.

## MEMORANDUM AND ORDER

SIFTON, District Judge.

Plaintiff, a distributor of children's clothing, commenced this action to recover damages from and obtain an injunction against defendant Jamesway Corporation, a retailer, and defendant Superior Togs of California, Inc., a clothing manufacturer, pursuant to the federal and state antitrust laws and state common law. This Court is said to have jurisdiction of the case under 28 U.S.C. § 1331.

The matter is presently before the Court on defendant Jamesway's motion for an order (1) dismissing the complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and (2) holding plaintiff and plaintiff's counsel liable for costs and expenses associated with this motion, pursuant to Rule 11.

The facts alleged in plaintiff's complaint are accepted as true for the purpose of evaluating defendant Jamesway's motion to dismiss. With respect to defendant's Rule 11 motion, the facts are derived from the undisputed allegations set forth in the affidavits of plaintiff's and defendant Jamesway's counsel.

Prior to 1985, plaintiff, a resident of New York, was employed by defendant Jamesway, a New York corporation [1] with its principal place of business in New Jersey. After Jamesway terminated his employment in March 1985, plaintiff began a business in New York in which he acted as a

---

1. The complaint alleges that Jamesway is a New Jersey corporation. Plaintiff concedes in his opposition papers that Jamesway is, in fact, a New York corporation. Accordingly, plaintiff withdraws his allegation that the Court has diversity jurisdiction over his state law claims and concedes that, if the federal antitrust claims are dismissed, he would have to pursue this action in state court.

**140**

representative and distributor for manufacturers of children's clothing.

On May 22, 1985, plaintiff entered into a contract with defendant Superior Togs, a California corporation which manufactures girls' jeans and slacks. The parties agreed that plaintiff would serve as defendant Superior Togs' representative in marketing girls' slacks and jeans in New York, and Superior Togs granted plaintiff the exclusive right to distribute such clothes in New York.

On August 23, 1985, Jane Russell, an employee of Jamesway, informed Superior Togs that Jamesway would stop purchasing products from it if Superior Togs continued to do business with plaintiff. As a result of this threat, Superior Togs terminated its distributorship agreement with plaintiff. The complaint also alleges that Jamesway induced "other manufacturers not to designate plaintiff as a manufacturers['] representative." Complaint ¶ 11.

Based upon the foregoing, plaintiff filed his complaint in this action against Jamesway and Superior Togs on June 5, 1986. The complaint is comprised of four counts. Counts 1 through 3 are brought against Jamesway, and Count 4 is brought against Superior Togs. Count 1 alleges that Jamesway conspired to preclude plaintiff from acting as a manufacturers' representative by inducing manufacturers to boycott plaintiff's business in violation of §§ 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. §§ 1 and 2. Count 2 charges Jamesway with committing the tort of intentional interference with plaintiff's contractual relationship with Superior Togs. Count 3 alleges that Jamesway violated the Donnelly Act, N.Y. Gen.Bus.L. § 340 et seq., which is New York State's antitrust statute. In Count 4, plaintiff alleges that Superior Togs breached the parties' distributorship contract.

On July 1, 1986, Superior Togs answered plaintiff's complaint, and on July 7, the Court referred the action to Magistrate Amon for all pretrial preparation. At a conference held on October 20, 1986, Magistrate Amon directed the parties to make any motion based upon the pleadings by November 28. By letter dated October 31, 1986, Jamesway's counsel advised plaintiff's attorney that the Court lacked diversity jurisdiction and that plaintiff's antitrust claims were unfounded; defense counsel also urged plaintiff to reconsider the federal action in light of Rule 11's requirements. Plaintiff's counsel telephoned Jamesway's lawyer on November 5, 1986, and counsel discussed the basis of plaintiff's cause of action. As plaintiff's counsel did not agree to withdraw the federal antitrust action, Jamesway filed the instant motion.

Defendant Jamesway argues that plaintiff's complaint fails to set forth a claim under the federal or state antitrust laws because the complaint fails to identify the relevant market in which plaintiff was allegedly precluded from operating and because the complaint does not allege antitrust injury—that is, an injury to competition. Jamesway also contends that plaintiff cannot recover for tortious interference with plaintiff's contract because the complaint does not set forth the terms of the contract or the manner in which Jamesway allegedly induced the breach.

Plaintiff argues that his complaint need not set forth the anticompetitive impact of Jamesway's conduct because Jamesway committed a *per se* violation of the antitrust laws by acting in concert with Superior Togs and other manufacturers to boycott plaintiff's business. With respect to the claim for interference with plaintiff's contract with Superior Togs, plaintiff argues that the complaint pleads all of the elements of the tort action, including the fact that Jamesway knew of the existence of plaintiff's oral, terminable-at-will agreement with Superior Togs.

### DISCUSSION

In his opposition papers, plaintiff concedes that "no plausible claim" can be made that Jamesway violated the prohibition against monopolization contained in § 2 of the Sherman Antitrust Act. Accordingly, unless plaintiff's complaint states a claim under § 1 of the Sherman Act, the entire action against both defendants must

be dismissed since the parties are not completely diverse for jurisdictional purposes. For the reasons set forth below, Jamesway's motion to dismiss is granted with leave to plaintiff to file an amended complaint within twenty days.

Plaintiff's complaint does not set forth a *per se* violation of the antitrust laws. Group boycotts are considered to be *per se* illegal only when they are engaged in by competitors of the plaintiff. *FTC v. Indiana Federation of Dentists*, —— U.S. ——, 106 S.Ct. 2009, 2018, 90 L.Ed.2d 445 (1986); *Northwest Wholesale Stationers, Inc. v. Pacific Stationary & Printing Co.*, 472 U.S. 284, 105 S.Ct. 2613, 2619, 86 L.Ed.2d 202 (1985). In the present case, plaintiff does not allege that his competitors have conspired to boycott his business. The complaint alleges that Superior Togs is a manufacturer of children's clothing; while the complaint does not allege the nature of Jamesway's business, plaintiff alleges in his opposition papers that Jamesway is a retailer. Since plaintiff alleges that he is a distributor of children's clothing and since plaintiff does not allege in the complaint that he competes with either defendant, plaintiff must pursue his antitrust claim under the rule of reason, rather than on the basis of *per se* illegality. Except where a *per se* violation is alleged, the plaintiff must allege that the defendants acted to restrain competition in order to state a claim under the Sherman Act. *International Tel. Productions, Ltd. v. Twentieth Century Fox*, 622 F.Supp. 1532, 1539 (S.D.N.Y.1985); 1 E. Kintner, *Federal Antitrust Law* § 8.3 (1980). To do so, the plaintiff must identify in its pleadings the relevant product market and alleged "how the net economic effect of the alleged violation is to restrain trade in the relevant market and that no reasonable alternate source is available." *Gianna Enterprises v. Miss World (Jersey) Ltd.*, 551 F.Supp. 1348, 1354 (S.D.N.Y.1982); *accord Rosenberg v. Cleary, Gottlieb, Steen & Hamilton*, 598 F.Supp. 642, 646 (S.D.N.Y.1984).

Plaintiff's complaint fails to satisfy these pleading requirements. First of all, the complaint does not delineate the relevant market. Plaintiff pleads in conclusory fashion that he has an "interest in maintaining a free and unhampered market for the representation of manufacturers of jeans and slacks and other childrens' [sic] wear." Complaint ¶ 8. Such a vague statement cannot satisfy the market delineation requirement. *See Twentieth Century Fox, supra*, 622 F.Supp. at 1539; *Gianna, supra*, 551 F.Supp. at 1354.

Second, plaintiff does not allege that competition has been injured. Plaintiff merely states that he was injured in his business. Such pleading does not state an antitrust claim because it does not allege an injury to competition among several competitors. *See Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 250–51 (2d Cir.1985).

Plaintiff's antitrust claim, accordingly, is dismissed. However, because dismissals on the pleadings are especially disfavored in antitrust cases, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 746, 96 S.Ct. 1848, 1853, 48 L.Ed.2d 338 (1976), and because plaintiff has not yet amended his pleading, plaintiff is given leave to amend the complaint within twenty days. Because the Court is without jurisdiction to adjudicate plaintiff's state tort claim against Jamesway if plaintiff does not or cannot amend his complaint to state a cause of action under the federal antitrust laws, the Court need not decide whether the complaint states a claim under state law for intentional interference with a contractual relationship.

Defendant Jamesway requests that this Court hold plaintiff and plaintiff's counsel liable for all costs and expenses that Jamesway has incurred in connection with this motion, including reasonable attorneys' fees, pursuant to Rule 11. For the reasons set forth below, defendant's motion is granted in part and denied in part.

The Court of Appeals for this Circuit has construed Rule 11 to mandate that sanctions be imposed when an attorney has signed a pleading when, "after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted

by existing law or a good faith argument for the extension, modification, or reversal of existing law." *Eastway, supra,* 762 F.2d at 254. This means that Rule 11 is violated "only when it is 'patently clear that a claim has absolutely no chance of success,'" *Oliveri v. Thompson,* 803 F.2d 1265, 1275 (2d Cir.1986), and that all doubts must be resolved in favor of the signer. *Eastway, supra,* 762 F.2d at 254.

■ Under this standard, defendant should not be awarded costs for responding to plaintiff's claim under § 1 of the Sherman Act or the pendent state law claims. The Court cannot say that plaintiff has absolutely no chance of establishing that Jamesway engaged in a group boycott or otherwise unlawfully refused to deal with plaintiff.

■ It should have been clear to plaintiff's counsel at the time the complaint was filed, however, that plaintiff could not possibly prove that Jamesway monopolized the market in violation of § 2 of the Sherman Act. To establish a § 2 violation, a plaintiff must prove that the defendant enjoys monopoly power and that defendant used that power for anticompetitive purposes. *Aspen Skiing Co. v. Aspen Highlands Skiing Corp.,* 472 U.S. 585, 105 S.Ct. 2847, 86 L.Ed.2d 467 (1986). Plaintiff has set forth no "legally relevant facts," such as market share, in support of his § 2 claim. *Bartel Dental Books Co. v. Schultz,* 786 F.2d 486, 490 (2d Cir.1986). Indeed, in his opposition papers, plaintiff's counsel states, "It is apparent that no plausable [sic] claim that defendant Jamesway Corporation dominates the retail market in any portion of the United States can be made by the plaintiff." In effect, counsel concedes that upon reasonable inquiry there was no basis to believe that Jamesway violated § 2. Nevertheless, by basing plaintiff's antitrust claim partially on monopolization grounds, plaintiff's counsel obliged Jamesway to move to dismiss the claim. Under these circumstances, Rule 11 sanctions must be imposed. Accordingly, Jamesway may recover the reasonable incremental expenses it incurred in opposing plaintiff's § 2 claim from plaintiff's counsel.

SO ORDERED.