Leroy KING, Plaintiff,

v.

**WILMINGTON TRANSIT COMPANY, Mayor Don Betz, and the City of Wilmington, North Carolina, Defendants.**

No. 7:96–CV–198–BR(2).

United States District Court,
E.D. North Carolina,
Southern Division.

March 17, 1997.

C. Leon Lee, II, The Lee Law Firm, Fayetteville, NC, for Leroy King.

Robert Aaron O'Quinn, Wilmington, NC, for Wilmington Transit.

Thomas C. Pollard, Wilmington, NC, for Don Betz and the City of Wilmington, N.C.

*ORDER*

BRITT, District Judge.

This case is before the court on various motions. The following motions are currently ripe for disposition: (1) a motion to dismiss filed by defendant Wilmington Transit Company ("Wilmington Transit"); (2) a motion to dismiss filed by defendants Mayor

Don Betz and City of Wilmington (collectively, the "City Defendants"); and (3) plaintiff's motion for leave to amend his complaint.

## I. *Background*

Plaintiff Leroy King filed a verified complaint on November 25, 1996, invoking Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17, and the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101–12213. King alleges that he was employed by Wilmington Transit for over sixteen years before being terminated in September 1994. (Compl.¶¶ 9, 17.) King alleges the facts surrounding his termination to be as follows: While King was driving a Wilmington Transit bus on August 19, 1994, two passengers exited the bus near a supermarket. (*Id.* ¶¶ 10–11.) A passenger on the bus called out to King that one of the women who had just left the bus was lying on the sidewalk. (*Id.* ¶ 12.) King then stopped the bus and helped the woman to a nearby bench, where she told him that she did not need any further assistance. (*Id.* ¶¶ 13–14.)

After his shift ended, King reported this incident to his supervisor; however, King was terminated approximately 28 days later for violating a company rule requiring employees to report all accidents occurring on their shift. (*Id.* ¶¶ 16–17.) King now seeks to be reinstated to his former position and to receive back pay, other benefits, compensatory and punitive damages, costs, and attorney's fees. The court now turns to a review of the motions at issue.

## II. *The City Defendants' Motion to Dismiss*

■ The City Defendants move for dismissal of King's complaint on numerous grounds. However, the court need only address one argument: that the complaint must be dismissed because King has not alleged that he was ever employed by the City Defendants. As the City Defendants point out, King's complaint shows that he was employed at all relevant times by Wilmington Transit. (*Id.* ¶ 9.) Both Title VII and the ADA impose liability only on the plaintiff's employer. 42 U.S.C. § 2000e–2(a) ("It shall be an unlawful employment practice for an *employer*—(1) to fail or refuse to hire or to discharge any individual ....") (emphasis

supplied); 42 U.S.C. § 12112(a) ("No covered entity shall discriminate.... "); 42 U.S.C. § 12111(2) ("The term 'covered entity' means an *employer*. ....") (emphasis supplied); *see also Hishon v. King & Spalding,* 467 U.S. 69, 74, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984) ("The contractual relationship of employment triggers the provision[s] of Title VII."). King cannot maintain an action under Title VII or the ADA against persons or entities with whom he had no employment relationship, and his complaint must therefore be dismissed against the City Defendants.

## III. *Wilmington Transit's Motion to Dismiss*

Wilmington Transit also moves to dismiss King's complaint on several grounds. Again, this court must only address one particular argument in order to demonstrate the propriety of dismissal. Pursuant to Rule 12(b)(6), Wilmington Transit contends that King has failed to allege essential elements of his Title VII and ADA claims and, thus, he has failed to state a claim for relief.

Dismissal under Rule 12(b)(6) is appropriate "only if it can be said that on the claim as pleaded the claimant can prove no set of facts that would entitle [him or] her to relief." *Labram v. Havel,* 43 F.3d 918, 920 (4th Cir.1995) (citing *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The court must "accept as true all well-pleaded allegations" in the complaint, and must also construe any ambiguities in favor of the plaintiff. *Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993), *cert. denied,* 510 U.S. 1197, 114 S.Ct. 1307, 127 L.Ed.2d 658 (1994).

■■ Title VII provides in relevant part:

It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e–2(a). As is plain from its text, " '[t]he purpose of [Title VII] is to eliminate ... discrimination in employment *based on race, color, religion, sex, or national origin.*' " *Trans World Airlines, Inc., v. Hardison,* 432 U.S. 63, 71 n. 6, 97 S.Ct. 2264, 2270 n. 6, 53 L.Ed.2d 113 (1977) (emphasis supplied). Title VII does not provide general relief from employment decisions that an employee may perceive to be incorrect. To state a claim for relief under Title VII, a plaintiff must allege that he has been treated wrongly because of his race, color, religion, sex, or national origin.

■ King alleges that he was wrongfully terminated in that he did not violate the rule regarding reporting of accidents and because his employer "failed to apply its disciplinary policy, as they [sic] exist, inclusive of its interpretation, spirit and intent, thereby causing the Plaintiff to suffer great emotional distress, financial loss, and he has, in fact, been permanently injured." (Compl.¶¶ 19–20.) Whatever the merits of this argument may be, King has not alleged that his employer's decision was based on a characteristic protected by Title VII and he has therefore failed to state a claim under that statutory provision.

■ King also brings a claim under the ADA, which provides in relevant part:

No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). Only a "qualified individual with a disability" may bring a civil action under the ADA, a term that is further defined as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Id.* § 12111(8). "Disability" is in turn defined as:

(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

(B) a record of such an impairment; or

(C) being regarded as having such an impairment.

*Id.* § 12102(2).

King's complaint fails to allege that he suffers from a "disability," much less that he is a "qualified individual with a disability," as the ADA requires. Even if these terms need not be mentioned by name in an ADA complaint, King has alleged no facts from which the court could conclude that he has the requisite disability to qualify him for relief under the ADA. Accordingly, King has failed to state a claim upon which relief can be granted under either Title VII or the ADA.[1]

#### IV. King's Motion for Leave to Amend Complaint

■ Finally, King moves the court to allow him to amend his complaint in order to add a claim for relief under the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45. Once a responsive pleading is served, as is the case here, a plaintiff may amend his complaint "only by leave of court or by written consent of the adverse party;" however, "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The City Defendants oppose King's motion on the grounds that there is no private right of action under the FTCA.

Although the Fourth Circuit has not addressed this issue, the other courts to do so are unanimous in holding that Congress did not intend to create a private cause of action by enacting the FTCA. *E.g., American Airlines v. Christensen,* 967 F.2d 410 (10th Cir. 1992); *Dreisbach v. Murphy,* 658 F.2d 720 (9th Cir.1981); *Fulton v. Hecht,* 580 F.2d 1243 (5th Cir.1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1789, 60 L.Ed.2d 241 (1979); *Fogel v. Metropolitan Life Ins. Co.,* 871 F.Supp. 571 (E.D.N.Y.1994). Such a result squares with the plain text of 15 U.S.C. § 45, which vests the power to impose civil penalties for unfair and deceptive trade practices in the Federal Trade Commission ("FTC")

---

1. The above reasoning is equally applicable to the City Defendants' and merely serves as another legitimate ground for dismissal as to those defendants.

and also permits only the FTC to recover these penalties by instituting a civil action in federal court. Allowing King to amend his complaint to state a cause of action under the FTCA would be futile, as such a claim would be instantly subject to dismissal for failure to state a claim upon which relief can be granted.

### V. *Conclusion*

Pursuant to the above discussion, Wilmington Transit's motion to dismiss is GRANTED. The City Defendants' motion to dismiss is also GRANTED. King's motion for leave to amend his complaint is DENIED. This matter is hereby DISMISSED.