**FARE DEALS, LTD., Plaintiff,**

v.

**Joann GLORIOSO, James W. Heitz, and DVI–Freeport U.S., LLC, Defendants.**

**No. CIV. AMD 02–315.**

United States District Court,
D. Maryland.

Aug. 19, 2002.

Jack J. Shapiro, Law Office of Jack J. Shapiro, Richard William Winelander, Baltimore, MD, for plaintiff.

James P. Ulwick, Kramon and Graham, Baltimore, MD, Ana T. Barnett, Christopher L. Barnett, Stearns, Weaver, Miller, Weissler, Alhadeff and Sitterson PA, Peter Max Zimmerman, Law Office, Lee Saltzberg, Towson, MD, for defendants.

MEMORANDUM

DAVIS, District Judge.

Plaintiff Fare Deals, Ltd., seeks damages and equitable relief under federal and state antitrust statutes and related state-law claims against two individuals and a Florida limited liability company. Defendants are Joann Glorioso and James W. Heitz (together hereinafter, "Baltimore

Travel"), who are alleged to operate under various trade names, and DVI–Freeport U.S., LLC ("DVI"). Plaintiff has filed a second amended complaint. Defendants have filed the following motions seeking an early resolution of the case in their favor: (1) to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) filed by all defendants, and (2) for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) filed by Glorioso.

Plaintiff has opposed the motions; no hearing is needed. Defendants have made cogent and compelling arguments, well-supported by citations to highly relevant if not controlling case law (to which plaintiff has offered scant contrary analysis), suggesting that plaintiff and plaintiff's attorneys have embarked on a spurious fishing expedition for facts in support of bloated and misguided claims, having converted a seemingly simple business dispute into a federal antitrust case in which plaintiff seeks treble damages. Nevertheless, plaintiff correctly contends that the allegations are not so specious on their face as to permit the summary adjudication of its federal claims as a matter of law under the forgiving standards of Fed.R.Civ.P. 8(a). Accordingly, the motions shall be denied without prejudice and plaintiff shall be permitted to take discovery.

### (i)

A complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Motions to dismiss for failure to state a claim are "granted sparingly and with caution in order to make

certain that plaintiff is not improperly denied a right to have his claim adjudicated on the merits." 5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE, CIVIL 2D § 1349 at 192–93 (1990).

Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). A claimant is not required to "set out in detail the facts upon which he bases his claim" so long as the claim "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. 99. Moreover, although all well-pleaded factual allegations are assumed to be true and are viewed in the light most favorable to the plaintiff, *Jenkins v. McKeithen,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969), allegations of legal conclusions need not be credited. *Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir.1999).

The standards of Rule 12(b)(6) apply to a motion for judgment on the pleadings filed pursuant to Rule 12(c). *Bruce v. Riddle,* 631 F.2d 272, 273–74 (4th Cir.1980) (*citing Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)); *Irish Lesbian & Gay Org. v. Giuliani,* 143 F.3d 638, 644 (2d Cir.1998) ("The test for evaluating a 12(c) motion is the same as that applicable to a motion to dismiss under Fed.R.Civ.Proc. 12(b)(6).").

### (ii)

In its opposition memorandum, plaintiff summarizes the facts alleged in its second amended complaint as follows:

Fare Deals is a retailer of travel services in Maryland. Defendants Joann Glorioso and John Heitz [together, "Baltimore Travel"] are also retailers of travel services in Maryland. Defendant

DVI ... is both a supplier of travel products to Fare Deals and Baltimore Travel, and is also a retailer of travel services in Maryland. Both Fare Deals and Baltimore Travel were participants in DVI's discounted pricing program. DVI's discounted pricing program existed on selected travel products, which were heavily discounted, and were based on prices established by DVI. In addition, Fare Deals had the right to further discount the prices on these selected vacation packages and such right was part of the agreement and understanding of the parties from the inception of their business relationship. At no time, prior to the conspiracy [sic], was Fare Deals advised not to discount DVI's prices further.

Fare Deals further discounted the prices on Special Pricing Program products by offering rebates of between $5.00 and $15.00 per person per package which monies were sent to the customer(s) at the completion of the vacation. In June 2001, Baltimore Travel threatened to discontinue Baltimore Travel Center's relationship with DVI unless DVI used its influence to prevent Fare Deals from discounting DVI's prices and then succeeded in having Fare Deals terminated from the discounted pricing program by DVI in August 2001.

Pl.'s Opp. at 4–5 (citations omitted). What plaintiff does not allege and indeed, has seemingly gone to great lengths to avoid alleging, but what seems unmistakably and unavoidably implied from the second amended complaint, is that plaintiff and Baltimore Travel are competing travel agencies, each of which markets vacation packages to consumers in Maryland on behalf of, and pursuant to agreements with, DVI. Each is paid a 15% commission on the transactions it sponsors. The gist of plaintiff's claims is that, at the instigation of Baltimore Travel, DVI terminated plaintiff's authority to sell one or more of DVI's discounted travel products because plaintiff persisted in advertising to potential consumers that it would rebate to consumers a portion of the commission DVI paid to plaintiff, thereby competing on price with Baltimore Travel and, presumably, other agencies authorized by DVI to offer its vacation packages.

Plaintiff's lodestar claim is its antitrust conspiracy claim under section one of the Sherman Act, 15 U.S.C. § 1. "To establish a case of resale price maintenance by a manufacturer, the antitrust plaintiff must demonstrate that (1) the manufacturer has contracted, combined, or conspired (2) with a separate economic entity (3) to set the price at which the products are resold (4) in an independent commercial transaction with a subsequent purchaser." *Ozark Heartland Electronics, Inc. v. Radio Shack, A Division of Tandy Corp.*, 278 F.3d 759, 763 (8th Cir.2002). Defendants' motions have cast a formidable challenge upon plaintiff to overcome seemingly glaring, and according to defendants, ultimately fatal, deficiencies in the factual and legal framework in which plaintiff's alleged claims have arisen. Specifically, the defendants have challenged plaintiff to explain how: (1) the intra enterprise immunity doctrine will be avoided, as Baltimore Travel is merely an agent (and thus the alter ego) of DVI, incapable of forming a cognizable conspiracy under settled jurisprudence; (2) it can plausibly contend that it was a "reseller" inasmuch as it (and other agents) simply "brokered" for DVI in return for a commission; and (3) it was injured by the alleged antitrust violation and therefore has standing to prosecute its alleged claims. The case law marshaled by defendants strongly suggests that plaintiff will not be able to meet these challenges. *See, e.g., Illinois Corporate Travel, Inc. v. American Airlines, Inc.*, 700 F.Supp. 1485 (N.D.Ill.1988), *aff'd*, 889 F.2d 751 (7th Cir.1989), *cert. denied*, 495 U.S. 919, 110 S.Ct. 1948, 109 L.Ed.2d 311

(1990); *Pink Supply Corp. v. Hiebert,* 788 F.2d 1313 (8th Cir.1986); *cf. Oksanen v. Page Memorial Hosp.,* 945 F.2d 696 (4th Cir.1991) (en banc), *cert. denied,* 502 U.S. 1074, 112 S.Ct. 973, 117 L.Ed.2d 137 (1992). *See also Brunswick Corp. v. Pueblo Bowl–O–Mat, Inc.,* 429 U.S. 477, 489, 97 S.Ct. 690, 50 L.Ed.2d 701 (1977) (defining "antitrust injury") (quotation omitted); *Atlantic Richfield Co. v. USA Petroleum Co.,* 495 U.S. 328, 339 n. 8, 110 S.Ct. 1884, 109 L.Ed.2d 333 (1990) (stating that "not every loss stemming from a[n] [antitrust] violation counts as antitrust injury.").

Despite the seeming incurable deficiencies identified by defendants in their various motions, plaintiff has permissibly obtained refuge, at least temporarily, in the talismanic invocation of the homily that "dismissals on the pleadings are especially disfavored in antitrust cases." *Broadcast Music, Inc. v. Hearst/ABC Viacom Entertainment Services,* 746 F.Supp. 320, 325 (S.D.N.Y.1990) (quoting *Schwartz v. Jamesway Corp.,* 660 F.Supp. 138, 141 (E.D.N.Y.1987)). "It is axiomatic that a complaint should not be dismissed unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' This rule applies with no less force to a Sherman Act claim...." *McLain v. Real Estate Board,* 444 U.S. 232, 246, 100 S.Ct. 502, 62 L.Ed.2d 441 (1980); *see Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."); *Berlyn, Inc. v. Gazette Newspapers, Inc.,* 157 F.Supp.2d 609, 618 (D.Md.2001) (noting the prevailing view of courts that the determination of the existence of "antitrust injury" is usually best left to post-discovery proceedings) (citations omitted).

Plaintiff has artfully declined to allege seemingly indisputable facts; has refused to provide a copy of the alleged agreement on which it purports to base its claims (and, remarkably, does not even assert a claim for breach of contract, although the allegations in the second amended complaint indisputably comprise such a claim); and has seemingly offered tortured interpretations of the relevant case law, rather than distinguishing features which render the case law inapplicable to this case. Moreover, I am cognizant of the case law relied on by defendants which support the view that not all facts that fall outside the four corners of the complaint, e.g., judicially noticed facts and facts set forth in documents incorporated into the complaint, are prohibited from consideration in adjudicating a Rule 12(b)(6) motion. Nevertheless, I am content to permit the case to go forward and to permit plaintiff to take discovery. Plaintiff has been adequately put on notice by the pending motions such that counsel may properly calibrate their obligations under Fed.R.Civ.P. 11.

(iii)

For the foregoing reasons, defendants' motions shall be denied without prejudice and an amended scheduling order shall issue forthwith.