**GREAT AMERICAN FUN CORP., Plaintiff,**

v.

**HOSUNG NEW YORK TRADING INC., Kingsland, Inc. and Shilla International Co., Inc., Defendants.**

No. 96 Civ. 4100 (LAK).

United States District Court, S.D. New York.

Aug. 29, 1996.

Kenneth A. Plevan, Skadden, Arps, Slate, Meagher & Flom, New York City, for Great American Fun Corp.

Carl William Oberdier, Debevoise & Plimpton, New York City, for Hosung New York Trading Inc., Kingsland, Inc.

## ORDER

KAPLAN, District Judge.

Defendant Shilla International Co. ("Shilla") has moved pursuant Fed.R.Civ.P.

12(b)(6) and 8(a) to dismiss the action against it for federal trademark and copyright infringement of plaintiff's line of brightly colored marionette birds, the Limber Louie series, and violation of state unfair competition law. Shilla contends that it is entitled to dismissal because all of its marionettes lack substantial similarity to plaintiff's as a matter of law and plaintiff overreaches in seeking to protect the idea or basic characteristics of a marionette.

■ Substantial similarity is an essential element of a federal copyright claim. *Mulberry Thai Silks, Inc. v. K & K Neckwear, Inc.*, 897 F.Supp. 789, 791 (S.D.N.Y. 1995). An examination of the exhibits to the complaint reveals that at least some of the parties' marionettes bear a strong, if not striking, similarity—particularly those representing large birds. (*Compare* Cpt. Ex. 3 *with* Ex. 5) The question of substantial similarity should be reserved for the trier of fact—or at least the summary judgment stage—where, as here, the claim appears not only colorable, but well within outer limits. Shilla points out that its puppy and dog marionettes bear little resemblance to plaintiff's marionettes, and plaintiff concedes that it will not press an infringement claim for those marionettes. (Pl.Mem. 3, 10) Although the complaint does not specify which Shilla marionettes may be exempted from the claim of infringement, the complaint should not be dismissed as insufficiently specific under Fed.R.Civ.P. 8(a) where it is apparent on its face that the plaintiff has a colorable claim of infringement as to a number of defendant's products. Overall, the complaint satisfies the pleading requirements under Fed.R.Civ.P. 8(a).[1] *See generally* 5 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1215 at 138–44 & nn. 3–4 (1990) (Rule 8(a) requires "giving the opposing party fair notice of the nature and basis of grounds of the claim and a general indication of the type of litigation involved; the discovery process bears the burden of filling in the details"); *id.* at § 1218 at 182–

83 (a pleading containing a great deal of evidentiary material does not qualify as a "short and plain" statement required by Rule 8(a)).

■ Much as there is an adequately pleaded claim that the parties' products are substantially similar, the claim of likely confusion, an essential element of a trade dress claim, *Paddington Corp. v. Attiki Importers & Distributors, Inc.*, 996 F.2d 577, 582 (2d Cir.1993), cannot be resolved on a Rule 12 motion in this case.

■ Shilla's contention that plaintiff overreaches in seeking to protect the mere concept or basic features of a marionette is relevant to both the federal copyright and the trademark claims, but it does not, at this stage, entitle Shilla to dismissal. It is well established that federal copyright law protects expression, not ideas. *E.g., Warner Bros. Inc. v. American Broadcasting Cos.*, 720 F.2d 231, 239 (2d Cir.1983) It is well settled also that copyright registration is *prima facie* evidence of the validity of copyright. *Cf. Mulberry Thai Silks, Inc.*, 897 F.Supp. at 792. Here, plaintiff's copyright for the design of Walking Willie, predecessor to the Limber Louie line, would have been invalid had the registration sought exclusive rights over a mere concept. While the Court will not rule out the possibility that Shilla might rebut the presumption of validity of the copyright, and there no doubt will be much debate about the scope of protection for derivative works assuming the copyright is valid, it would be improper to dismiss at this stage, especially where the analysis of the issue may benefit from a developed record. Shilla's overbreadth theory is relevant as well to the trademark claim because common usage in marionettes of the very features plaintiff seeks to protect may prevent plaintiff from showing that its puppet designs are source indicators or give rise to a functionality defense. *See generally Mulberry Thai Silks, Inc.*, 897 F.Supp. at 792–93 (describing requirement in trade dress action that the dis-

---

1. As Shilla seems to have acknowledged by not pressing the point in its reply papers, there is no merit to the contention that plaintiff has pleaded access inadequately. Access may be inferred from plaintiff's contention that its products are widely disseminated (cpt. ¶ 12, 14–15, 21) or by the allegation that defendants sought to create "knockoffs" (*id.* ¶ 21).

puted product configuration indicate source); *Paddington Corp.*, 996 F.2d at 582 (discussing functionality defense in case of trade dress infringement). While Shilla has identified an important matter that might prove to be an Achilles heel of plaintiff's trade dress claim, it would be inappropriate to decide this question summarily, without benefit of a more developed record.

Shilla's argument that it is entitled to dismissal of the unfair competition claim for the same reasons it is entitled to dismissal of the copyright and trade dress claims fails in light of the foregoing discussion.

Accordingly, Shilla's motion to dismiss the complaint is denied in its entirety.

SO ORDERED.