**Richard NOBLE, Plaintiff,**

**v.**

**GREAT BRANDS OF EUROPE, INC., TBWA Chiat/Day, Inc., Defendants.**

**No. 96 Civ. 3809 (SAS).**

United States District Court, S.D. New York.

Dec. 17, 1996.

---

Stephen A. Weingrad, New York City, for Plaintiff.

Gregory W. Herbert, Satterlee Stephens Burke & Burke L.L.P., New York City, for Defendants.

## OPINION AND ORDER

SCHEINDLIN, District Judge.

Defendants Great Brands of Europe, Inc. ("Great Brands") and TBWA Chiat/Day ("TBWA") (together, "Defendants") move to dismiss Plaintiff Richard Noble's ("Noble") Complaint[1] for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. See Fed. R.Civ.P. 12(b)(1), 12(b)(6). For the reasons discussed below, the motion is granted in part and denied in part.

### I. Legal Standard

In evaluating a motion to dismiss, a court must accept as true all factual allegations in the complaint. See Cohen v. Koenig, 25 F.3d 1168, 1171–72 (2d Cir.1994). The court must also draw every reasonable inference in favor of the non-moving party. See Allen v. West-Point–Pepperell, Inc., 945 F.2d 40, 44 (2d Cir.1991). Additionally, a court may not dismiss a complaint unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### II. Factual Background[2]

Noble is a professional photographer and a citizen of Florida. Great Brands is a corporation headquartered in White Plains, New York and TBWA is an advertising agency based in Manhattan. Affidavit of Richard Noble ("Noble Aff.") at 1. Noble had been retained by TBWA to create photographic images for the purposes of advertising Evian bottled water, a Great Brands product. Id.

---

**1.** The Second Amended Complaint contains four counts. Count I alleges copyright infringement, Count II alleges fraud, Count III asserts a viola-tion of the Lanham Act, and Count IV alleges unfair trade practices and unfair competition.

**2.** Unless otherwise noted, all statements of fact

After Noble had created the photographs,[3] he and TBWA entered into a licensing agreement, which required TBWA to pay Noble a fixed fee for permission to use the images in advertisements within the United States. *Id.* The fee was paid and the images were utilized in Evian advertisements in the United States. *Id.*

Subsequently, around the end of September 1995, TBWA contacted Noble about using the images in an advertising campaign in Russia and Finland. Noble advised TBWA that his fee for using the images outside the U.S. would be $10,000, but TBWA rejected this proposal. Noble Aff. at 1. On November 20, 1995, TBWA nevertheless executed a purchase order for $10,000, proposing to use the images in Russia and Finland on behalf of Great Brands/Evian. Affidavit of Richard Goldman, Controller of TBWA ("Goldman Aff."), Exhibit ("Ex.") A. Noble invoiced TBWA for the $10,000 usage fee on November 30, 1995. After hearing nothing, Noble called TBWA to request the payment of $10,000 and was advised that TBWA had decided not to use the images. Noble asked that TBWA send him written confirmation that the images had not been used. On February 13, 1996, TBWA faxed Noble a letter cancelling its November 20, 1995 purchase order. Noble Aff., Ex. 1. However, the letter failed to confirm that Noble's images had not been used. *Id.* Noble wrote to TBWA on February 15, 1996, again requesting confirmation that the images were not used, but TBWA did not respond to Noble's request.

Noble subsequently learned that the images had, in fact, been used in Finland and in Russia. Noble Aff., Ex. 2. Additionally, Noble discovered that TBWA had paid two modeling agencies, whose models appeared in the photographic images, a fee for the use of the images in Finnish and Russian magazines. Noble Aff., Ex. 4.[4] Noble alleges that he had licensed the images solely for use in the United States. Further, Noble points out that Great Brands placed its own copyright notice on his photographic image which appeared in the December, 1995 Russian edition of Cosmopolitan. Noble Aff., Ex. 2. Noble also asserts that TBWA had no rights in his images, other than a right of limited usage granted in the original licensing agreement, restricting the use of the images to publications in the United States.

### III. Discussion

#### A. Subject Matter Jurisdiction under the Copyright Act [5]

■ The district courts have exclusive and original jurisdiction over claims "arising under" the Copyright Act. 28 U.S.C. § 1338(a).[6] However, federal jurisdiction does not attach to a claim involving only the breach of a copyright agreement or the ownership of a copyright, because such a claim does not "arise under" the Copyright Act. *See Schoenberg v. Shapolsky Publishers, Inc.,* 971 F.2d 926, 931 (2d Cir.1992); *T.B. Harms Co. v. Eliscu,* 339 F.2d 823, 828 (2d Cir.1964), *cert. denied,* 381 U.S. 915, 85 S.Ct.

---

are taken from the Complaint.

**3.** Noble sought to register his copyrights on March 20, 1996, prior to filing this lawsuit, and asserts that he has obtained or will shortly obtain registration certificates for the images at issue.

**4.** According to the purchase orders, attached as Exhibit 4 to the Noble Affidavit, TBWA paid the Elite Model Management Company $4800 for the use of the image of Audrey Klebahn in Finland, and paid Ford Models, Inc. $900 for the use of the image of Victoria Scott in Russia. Though it is not entirely clear from the Complaint and the affidavits, the images apparently were used in Evian advertisements which appeared in international issues of Cosmopolitan magazine.

**5.** Plaintiff's complaint alleges that Noble is a citizen of the state of Florida and that both

defendants are corporations with their principal places of business in New York state. Plaintiff also demands $100,000 for each act of infringement. Because the pleading requirements under 28 U.S.C. § 1332 are met by these allegations, this court may also exercise subject matter jurisdiction over Noble's claims based on diversity of citizenship. Defendants do not contest diversity; rather, they argue that if the copyright claim is in fact a breach of contract claim, as they contend, damages could only total $10,000, an amount which does not meet the requirement of 28 U.S.C. § 1332(a).

**6.** The statute provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to ... copyrights.... Such jurisdiction shall be exclusive of the courts of the states in ... copyright cases." 28 U.S.C. § 1338(a).

1534, 14 L.Ed.2d 435 (1965). Therefore, in determining whether a claim involving copyright infringement "arises under" the Copyright Act, a court must carefully scrutinize the claim in order to ensure that there exists a serious question of infringement, and not merely an issue of contract interpretation.

■ Noble alleges that he owns the copyright in the photographic images and that the Defendants illegally exploited the images. In short, he claims that TBWA, instead of negotiating a contract for foreign use, published the images in flat disregard of his rights. There is no contractual dispute here. The fact that Noble's complaint demands monetary damages and asks that the Defendants be enjoined from further publishing, selling or otherwise using his images also leans in favor of a finding that the infringement claim arises under the Copyright Act. *See Schoenberg*, 971 F.2d at 931 ("[b]ecause [plaintiff] is seeking damages for the alleged infringement as well as an injunction against future infringements, his complaint on its face asserts a claim 'arising under' the Copyright Act."). Noble's allegation of copyright infringement and his request for an injunction are a sufficient basis for this Court's exercise of jurisdiction.

Defendants' attempt to portray the copyright infringement claim as nothing more than a simple contract dispute is misplaced. *See* Supplemental Memorandum of Law in Support of Defendants' Motion to Dismiss at 2. It is true that district courts in this circuit have not hesitated to dismiss complaints alleging copyright infringement that are in reality breach of contract claims. *See, e.g., Hanna–Barbera Prods., Inc. v. Screen Gems–EMI Music Inc.*, 829 F.Supp. 67 (S.D.N.Y.1993) (because no copyright issues will remain after contracts are interpreted, the claim does not arise under the Copyright Act); *Lukasewych v. Wells, Rich, Greene, Inc.*, 747 F.Supp. 1089 (S.D.N.Y.1990) (dispute over terms of license agreement turns on state law, and thus belong in the state forum). However, there is nothing in the Complaint which supports the argument that the copyright infringement claim is a breach of contract claim in disguise.[7] Noble's complaint sufficiently pleads a cause of action "arising under" the Copyright Act.[8] Therefore, this court has exclusive jurisdiction over Noble's claims. *See* 28 U.S.C. §§ 1338(a), 1331. Defendants' motion to dismiss for lack of subject matter jurisdiction is denied.[9]

B. Sufficiency of Pleadings

1. Fraud

A plaintiff alleging fraud must meet the heightened pleading standards of Fed. R.Civ.P. 9(b), namely that the "circumstances constituting fraud ... be stated with particularity." In order to meet this requirement, "fraud allegations ought to specify the time, place, speaker, and content of the alleged misrepresentations." *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir.1987). Where there are multiple defendants, the plaintiff must meet this burden as to each defendant. *Id.*

■ Noble asserts that TBWA embarked upon a course of deception with the intent to publish Noble's photographs outside the U.S. without having to negotiate a contract or pay a license fee. Noble's allegations are sufficient to meet the "time, place, speaker and content" requirements of pleading with particularity. Noble provides a coherent chronology of events, grounds these events in both time and physical location, identifies the

---

**7.** Because there is no contract that has been called into question, there is no need to apply the three-part analysis recommended by the Second Circuit in *Schoenberg* in order to determine whether the breach of a contract licensing or assigning a copyright gives rise to a federal cause of action under the Copyright Act. *See Schoenberg*, 971 F.2d at 932–33.

**8.** The Defendants also have moved to dismiss the copyright infringement claim under Fed.R.Civ.P. 12(b)(6) on the basis that Noble's allegations amount to nothing more than a breach of contract claim. However, for the same reasons discussed above, Noble's pleadings are sufficient to state a claim for copyright infringement under 17 U.S.C. § 501. Thus, the motion to dismiss the copyright claim under Fed.R.Civ.P. 12(b)(6) is denied.

**9.** Because this Court has subject matter jurisdiction based upon both the Copyright Act and diversity of citizenship, I do not consider whether Plaintiff's Lanham Act claim is also a sufficient ground upon which to base subject matter jurisdiction.

individuals alleged to have made the misrepresentations, and amplifies the allegations with facts sufficient to raise a serious question about TBWA's actions. The motion to dismiss the claim of fraud against TBWA is denied.

■ However, Noble does not meet the requirements of Rule 9(b) with regard to Great Brands. Noble makes only one mention of Great Brands in his fraud claim, alleging that Great Brands paid TBWA's $8,500 invoice for use of the images in Russia and Finland. There is no allegation that Great Brands knew of or participated in a scheme to defraud Noble. The motion to dismiss the fraud claim against Great Brands is granted, without leave to replead.[10]

2. Violation of the Lanham Act

■ Count III of the Complaint alleges that the Defendants attempted to appropriate Noble's photographic images by placing an erroneous copyright protection notice on the images which appeared in the Russian and Finnish magazines in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).[11] Noble has attached photocopies to his affidavit which show that a copyright notice appears in the bottom right-hand corner of the Russian advertisement. *See* Noble Aff., Ex. 2. The notice reads "©1995 Great Brands of Europe." *Id.* Noble contends that by placing this notice on his photographic image, the Defendants falsely attributed the origin of the image and falsely described its source.

Among its prohibitions, Section 43(a) bans two types of misrepresentations regarding the source of a product: false advertising and what has become known as "passing off" or "palming off."[12] *See Waldman Pub. Corp. v. Landoll, Inc.*, 43 F.3d 775, 780 (2d Cir.1994). Section 43(a) also prohibits "reverse passing off," where "X" sells "Y's" product under "X's" name. *See id.* In *Waldman*, the Second Circuit held that the Lanham Act "prevent[s] 'the misappropriation of credit properly belonging to the original creator' of the work" in the context of a written work. *Id.* at 781, citing *Restatement (Third) of Unfair Competition* § 5, cmt. (c). Though the work in this case involves photographic images, the same principle is applicable.

The wrong which the Lanham Act aims to prevent is, as the *Waldman* court pointed out, the "misappropriation of the artistic talent required to create the work...." *Waldman*, 43 F.3d at 781. The examples of false designation of origin and misrepresentations provided in *Waldman* are instructive. The court pointed out that the Lanham Act prohibits "the relabeling of a printed work, as by tearing the cover off a book and selling it with a false cover, but also the reproduction of a work with a false representation as to its creator." *Id.* These wrongs are precisely the type of wrongs which Noble alleges in his Complaint. Noble asserts that TBWA and Great Brands caused his work to be published, and deceptively passed off the images as those of Great Brands.[13]

**10.** A court may not dismiss a claim unless it is clear that no relief may be granted under any set of facts consistent with the other allegations in the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). Noble's allegation that Great Brands paid TBWA $8500 for having secured a license to use Noble's photographic images in Russia and Finland defeats any reasonable inference that Great Brands was involved in a scheme to defraud Noble. If anything, the facts alleged lean in favor of fraudulent conduct by TBWA toward Great Brands, not by Great Brands toward Noble. Moreover, Noble has already filed a second amended complaint, and has not sought leave to amend the fraud claim against Great Brands.

**11.** Section 1125(a) prohibits, in relevant part, "a false designation of origin, or any false descrip-

tion or representation, including words or other symbols tending falsely to describe or represent the same ..." in connection with any goods or services.

**12.** "Passing off" or "palming off" occurs when person "X" sells its product under person "Y's" name.

**13.** At this stage of the litigation, it is not clear if either TBWA or Great Brands was unilaterally responsible for the alleged false designation of origin. If further discovery reveals that only one of the Defendants was responsible for the alleged Lanham Act violation, that party may make an appropriate motion at that time.

■ Defendants argue that the Lanham Act claim must be dismissed because the act complained of, alleged false designation of copyright ownership of a photo published in a Russian magazine, does not affect interstate commerce. *See* Supplemental Memorandum of Law in Support of Defendants' Motion to Dismiss at 7. This argument fails to consider Noble's allegations that the photographic images were published in Cosmopolitan magazine, whose main office is in New York City, and that the magazine is actually printed in the state of Tennessee. *See* Noble Aff. at 2. Such allegations, taken as true at this stage of the litigation, defeat the argument that the alleged false designation of origin does not affect interstate commerce. The motion to dismiss the Lanham Act claim is denied.

3. Unfair Trade Practices and Unfair Competition

■ Count IV of Noble's Complaint alleges that the Defendants have engaged in unfair trade practices and unfair competition. Unfair competition under New York law is "the bad faith misappropriation of the labors and expenditures of another, likely to cause confusion or to deceive purchasers as to the origin of the goods." *Computer Assocs. Int'l, Inc. v. Computer Automation, Inc.,* 678 F.Supp. 424, 429 (S.D.N.Y.1987). Moreover, a "plaintiff must show either *actual* confusion in an action for damages or a *likelihood* of confusion for equitable relief." *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.,* 58 F.3d 27, 35 (2d Cir.1995) (emphasis added). Additionally, there must be "some element of bad faith." *815 Tonawanda Street Corp. v. Fay's Drug Co.,* 842 F.2d 643, 649 (2d Cir. 1988).

■ Given these authorities, it is clear that Noble's Complaint sufficiently pleads a cause of action for unfair competition and unfair trade practices under New York common law. *See* Part III.B.2 *supra.*

IV. *Conclusion*

Defendants' motion to dismiss the Complaint for lack of subject matter jurisdiction is denied. The motion to dismiss Noble's claims of copyright infringement (Count I), violation of the Lanham Act (Count III), and unfair trade practices and unfair competition (Count IV) is denied. The motion to dismiss the fraud claim (Count II) is granted as to Great Brands and denied as to TBWA. A conference is scheduled for Friday, January 17, 1997 at 4:30 p.m.

SO ORDERED.