CAPITOL RECORDS, INC., Arista Records, Inc., Atlantic Recording Corporation, the RCA Record Label, a Unit of BMG Entertainment, BAD BOY Records, Elecktra Entertainment Group, Inc., Fonovisa, Inc., Hollywood Records, Inc., Interscope Records, Laface Records, Loud Records LLC, Maverick Recording Company, Motown Record Company, L.P., Musical Productions, Inc., NOO Trybe Records, Inc., Platano Records Corporation, Priority Records LLC, NOO Trybe Records, Inc. d/b/a RAP–A–LOT Records, London–Sire Records Group, Inc., Sony Discos Inc., Sony Music Entertainment Inc., UMG Recordings, Inc., Virgin Records America, Inc., Warner Bros. Records Inc., WEA International Inc., WEA Latina, Inc., and Zomba Recording Corporation, Plaintiffs,

v.

WINGS DIGITAL CORPORATION, a New York Corporation, and Maninder Sethi, an individual, and Does 1 through 10, inclusive, Defendants.

No. 01CV4323.

United States District Court, E.D. New York.

July 16, 2002.

Jeffrey P. Weingart, Esq., Jeffrey D. Neuburger, Esq., Rebecca Tapie, Esq., Brown Raysman Millstein Felder & Steiner LLP, New York City, Matthew Oppenheim, Esq., Andrew Sharrin, Esq., Recording Industry Association of America, Washington, DC, for Plaintiffs.

Robinson Brog Leinwand Greene, Genovese & Gluck P.C., Eugene Neal Kaplan, Esq., Kaplan, Thomashower & Landau LLP, Philip H. Gottfried, Esq., Mark J. Rosenberg, Esq., Amster, Rothstein & Ebenstein [1], New York City, for Defendants: Wings Digital (No Appearance).

*MEMORANDUM AND DECISION*

SEYBERT, District Judge.

On June 27, 2001, plaintiffs, 27 companies engaged in the music production business, commenced the instant suit for copyright infringement against corporate defendant Wings Digital Corporation

---

**1.** On April 3, 2002, defendant Sethi filed a substitution of attorney substituting Kaplan, Thomashower & Landau LLP.

("Wings Digital") and its president, Maninder Sethi ("Sethi"). Although the corporate defendant obtained several extensions of its time to answer, to date, Wings Digital has neither answered nor moved.

Plaintiffs allege three causes of action based upon defendants' acts of copyright infringement. In the motion presently before the Court defendant Sethi argues that the plaintiffs are not entitled to the relief they seek under their federal or state law claims. Consequently, he moves to dismiss the complaint in its entirety pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

## I. *BACKGROUND*

For purposes of assessing the adequacy of the complaint, the facts alleged therein are accepted as true.

Plaintiffs have rights to ownership or are exclusive licensees of the United States Copyright for certain sound recordings including but not limited to sound recordings identified in Exhibits A and/or B of the complaint. Compl. ¶ 60. Plaintiffs specifically allege that they have received registration certificates for copyrighted recordings or have applied for such registration. Compl. ¶ 60.

Defendant Wings Digital is in the business of mastering and manufacturing audio compact discs, replicating compact discs and performing other services related to replication. Compl. ¶ 40. Defendants' manufacturing facility, which is based in Hicksville, New York, produces finished CDs, glass masters and CD replicating devices called stampers. Compl. ¶¶ 42–44, 46. Sethi, as Wings Digital's president and 100% owner, is responsible for the daily management, operation and financial control of the corporation. Compl. ¶ 31.

Plaintiffs allege that the defendants have manufactured, reproduced, imported and distributed unauthorized glass masters and stampers to third parties for the unlawful replication of the plaintiffs' sound recordings. Compl. ¶¶ 46–47, 61. Furthermore, defendants unlawfully pressed and shipped finished CDs for sale to defendants' own customers. Compl. ¶ 45.

Plaintiffs allege that an investigation conducted by the Recording Industry Association of America confirmed that defendants infringed on plaintiffs' copyrighted works. Compl. ¶ 52–53. They allege that the defendants knew that their replication and distribution of glass masters, stampers and finished CD's was unlawful based on common knowledge and custom and practice within the industry regarding artists' recording agreements. Compl. ¶¶ 49, 56.

In addition to alleging copyright infringement, plaintiffs allege that the defendants engaged in a conspiracy by authorizing, aiding and abetting in the manufacture and distribution of unauthorized works. Compl. ¶¶ 68, 70. Additionally, plaintiffs allege that the defendants received financial benefits as a result of their failure to properly supervise and control third parties engaging in infringing acts and that in doing so, the defendants intended to deceive consumers. Compl. ¶ 77.

On June 27, 2001, plaintiffs commenced the instant action wherein they allege three causes of action: (1) copyright infringement (under theories of contributory copyright infringement, vicarious copyright infringement and conspiracy to infringe copyrights); (2) violation of Section 349 of the New York General Business Law; and, (3) common law claims for unfair competition and misappropriation. On December 6, 2001, Sethi moved to dismiss the complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Sethi argues that plaintiffs have failed to sufficiently plead in conformance with Rule 8(a) against him individually. Additionally, he argues that plaintiffs'

claims for copyright infringement should be dismissed because plaintiffs fail to identify the specific infringing products and the specific times of the infringing acts. Sethi also contends that the Court lacks subject matter jurisdiction over claims which involve 36 unregistered pending works. He argues that plaintiffs' cause of action for conspiracy is inconsistent with New York law and that failure to allege a public wrong requires dismissal of plaintiffs' claim under Section 349 of New York General Business Law.

For the reasons set forth below, Sethi's motion to dismiss is granted in part and DENIED in part, such that the Court sustains all of the claims except those which pertain to unregistered works and any claim that Wings Digital and Sethi conspired with one another to engage in copyright infringement.

## II. *STANDARD GOVERNING MOTION TO DISMISS*

A district court should grant a motion to dismiss under 12(b)(6) of the Federal Rules of Civil Procedure only if " 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249–250, 109 S.Ct. 2893, 2905, 106 L.Ed.2d 195 (1989)(quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)). In applying this standard, a district court must "read the facts of the case in the complaint in the light most favorable" to the plaintiff and accept these allegations as true. *Id.* at 249, 109 S.Ct. at 2906; *see also Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993) (citing Fed.R.Civ.P. 8(a)(2) to demonstrate liberal system of "notice pleading" employed by the Federal Rules of Civil Procedure).

In considering a motion to dismiss, a court should not consider matters such as affidavits that are extraneous to the pleadings and should construe the complaint under Rule 8(a)'s liberal pleading standards. *See Friedl v. City of N.Y., N.Y. City Human Res. Admin.,* 210 F.3d 79, 83 (2d Cir.2000)(stating "a district court errs when it 'consider[s] affidavits and exhibits submitted by' defendants ... in ruling on a 12(b)(6) motion to dismiss"); *see also Gonzalez v. N.Y. State Dep't of Corr. Serv. Fishkill Corr. Facility,* 122 F.Supp.2d 335, 341 (N.D.N.Y.2000) (stating "it is well-settled that in acting upon a motion to dismiss, the Court is not to consider materials outside of the pleadings."). As such, the Court has disregarded Sethi's sworn declaration wherein he disputes facts pertaining to his participation in the infringing acts alleged in the complaint.

## III. *DISCUSSION*

### A. Copyright Infringement

Sethi seeks dismissal of plaintiffs' claims for copyright infringement and focuses on allegations that defendants infringed upon registered works as well as those for which registrations are pending. Sethi argues that plaintiffs' claim that he violated 17 U.S.C. § 411 should be dismissed for any pending registrations because the Court lacks subject matter jurisdiction.

In relevant part, 17 U.S.C. § 411(a) states that: "No action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a)(2002). In order to establish such a claim "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 1296, 113 L.Ed.2d 358 (1991); *Fonar Corp. v. Domenick,* 105

F.3d 99, 103 (2d Cir.1997); *see also Demetriades v. Kaufmann*, 680 F.Supp. 658, 661 (S.D.N.Y.1988).

The statute makes clear that "registration is a prerequisite to an action for infringement." *Whimsicality, Inc. v. Rubie's Costume Co., Inc.*, 891 F.2d 452, 453 (2d Cir.1989); *see U–Neek, Inc. v. Wal–Mart Stores, Inc.*, 147 F.Supp.2d 158, 169 (S.D.N.Y.2001) (contending that "[t]he statute and Second Circuit precedent explicitly require registration as a prerequisite to an infringement claim"); *see also Tuff–N–Rumble Mgmt., Inc. v. Sugarhill Music Publ'g Inc.*, 49 F.Supp.2d 673, 677 (S.D.N.Y.1999)("district courts are without subject matter jurisdiction to hear claims for federal copyright infringement unless a party asserts in his pleadings that he has received an actual certificate of registration...."); *see also Demetriades*, 680 F.Supp. at 661; William F. Patry & Rebecca Martin, COPYRIGHT LAW AND PRACTICE (2000 Cumulative Supp.) (noting that dismissal without prejudice is warranted for failure to obtain registration).

■ Applying the aforementioned reasoning to the instant matter, the Court sustains the complaint with respect to claims for copyright infringement based upon valid registrations. The Court grants that part of Sethi's motion which seeks to dismiss claims for copyright infringement based upon pending registration applications pursuant to Rule 12(b)(1). Such dismissal is without prejudice.

■ Sethi further argues that plaintiffs' complaint should be dismissed for failure to adequately plead the particular infringing acts. In this regard, however, plaintiffs have provided a "short and plain statement" of copyright infringement; contrary to Sethi's contention, they are not required to state with particularity specific infringing acts or the times of such acts.

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, at this stage of the litigation, a plaintiff need only give the opposing party "fair notice of what the plaintiff's claim is and the grounds on which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). Once there has been notice of the claim, factual details and evidentiary issues—such as those raised in Sethi's motion—should be developed during discovery.[2] *See Great Am. Fun Corp. v. Hosung N.Y. Trading, Inc.*, 935 F.Supp. 488, 489 (S.D.N.Y.1996). In accordance with Rule 8(a), the plaintiffs here have sufficiently provided notice of their claims for copyright infringement. *See* Fed.R.Civ.P. 8(a)(2); *see also Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y.1992) (recognizing that Rule 8 is satisfied by allegations which identify the infringing acts and distinguishing them from "[b]road, sweeping allegations of infringement [which] do not comply with Rule 8"), *aff'd*, 23 F.3d 398 (2d Cir.1994), *cert. denied*, 513 U.S. 950, 115 S.Ct. 365, 130 L.Ed.2d 318 (1994).

Sethi's contention that plaintiffs failed to sufficiently plead claims of copyright infringement against him is similarly rejected. Read in light most favorable to the plaintiffs, the complaint alleges that Sethi actively and knowingly participated in the infringement.

■ A party may be liable for contributory copyright infringement if the party "induces, causes or materially contributes to the infringing conduct of another" with knowledge. *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir.1971). It is well established that stockholders who are

---

**2.** Plaintiffs correctly note that Sethi's Rule 12(b) motion is notable for its extensive misreliance on inapplicable cases wherein courts dismissed claims for copyright infringement on Rule 56 motions for summary judgment. *See* Pls. Memo. of Law at 12 n.10.

officers may be liable for wrongful acts of a corporation. *See Gen. Elec. Co. v. Wabash Appliance Corp.*, 93 F.2d 671, 673 (2d Cir.1938); *see also Samet & Wells, Inc. v. Shalom Toy Co., Inc.*, 429 F.Supp. 895, 904 (E.D.N.Y.1977) (stating that "[a]n individual, including an officer... of a corporation who participates in the acts constituting infringement is personally liable, jointly and severally with the corporate defendant."), *aff'd*, 578 F.2d 1369 (2d Cir. 1978). Moreover, "[a]ll persons and corporations who participate in, exercise control over or benefit from an infringement are jointly and severally liable as copyright infringers." *Sygma Photo News, Inc. v. High Soc. Magazine, Inc.*, 778 F.2d 89, 92 (2d Cir.1985); *see also Luft v. Crown Publishers, Inc.*, 772 F.Supp. 1378, 1379 (S.D.N.Y.1991) (stating that "a company president who supervises the selection, manufacture, distribution and sale of infringing recordings is jointly and severally liable for damages caused by the infringement"). Notwithstanding Sethi's contentions, the complaint sufficiently states a claim against both the corporate defendant and Sethi as president and Wings Digital's 100% shareholder.

■ Sethi additionally disputes any theory whereby he would be held vicariously liable. The Second Circuit has stated that an individual may be liable, "when the right and ability to supervise coalesce[ ] with an obvious and direct financial interest in the exploitation of copyrighted materials..." *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2d Cir.1963). Under the prevailing case law, officers like Sethi can be held vicariously liable for copyright infringement if they "had (i) the right and ability to supervise the infringing activity; and (ii) an obvious and direct financial interest in exploitation of copyrighted materials." *Carell v. Shubert Org., Inc.*, 104 F.Supp.2d 236, 270 (S.D.N.Y. 2000); *see Luft*, 772 F.Supp. at 1380. Because the Court finds that the complaint

alleges that Sethi was the sole shareholder who managed and financially benefitted from the production and sale of the acts of copyright infringements, the Court rejects Sethi's argument that he cannot be vicariously liable for copyright infringement.

■ To the extent that Sethi argues that he cannot be held liable for conspiring with defendant Wings Digital, however, he is correct. At Count IV of the complaint, plaintiffs allege that "all Defendants" intentionally conspired to infringe upon their copyrights. Compl. ¶¶ 83–89.

Sethi correctly contends that "corporate officers and employees cannot conspire with their own employer for purposes of the conspiracy element of the Sherman Act." *Fogel v. Metro. Life Ins. Co.*, 871 F.Supp. 571, 574 (E.D.N.Y.1994), *aff'd*, 122 F.3d 1056 (2d Cir.1995). Consequently, Sethi cannot have conspired with the corporate defendant. He may be found liable, however, for conspiring with any "John Doe" defendants whose identities are not yet known.

B. Claim Pursuant to New York Business Law § 349

■ Plaintiffs allege that Sethi's conduct violated Section 349 of New York General Business Law. In relevant part, the statute provides that: "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." N.Y. Gen. Bus. Law § 349(a). "[A]ny person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice." N.Y. Gen. Bus. Law § 349(h). In order to state a claim under Section 349, plaintiffs must allege that: 1) defendants engaged in conduct that is deceptive and misleading in a material way; 2) the deceptive conduct was "consumer-oriented," and 3) plaintiffs have been injured "by

reason of" defendants' conduct. *In re MTBE Products Liab. Litig.*, 175 F.Supp.2d 593, 630 (S.D.N.Y.2001).

██ In the case at bar, plaintiffs have sufficiently alleged that the defendants intended to deceive consumers and the general public into believing unauthorized infringing copies were authentic. The Court arrives at its conclusion in recognition of decisions wherein courts have found that "corporate competitors... have standing to bring a claim under this [statute]... so long as some harm to the public at large is at issue." *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir.1995), *cert. denied*, 516 U.S. 1114, 116 S.Ct. 916, 133 L.Ed.2d 846 (1996); *see Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25, 623 N.Y.S.2d 529, 532, 647 N.E.2d 741 (1995). The critical concern is "whether the matter affects the public interest in New York, not whether the suit is brought by a consumer or a competitor." *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d at 264; *S.Q.K.F.C., Inc. v. Bell Atlantic Tricon Leasing Corp.*, 84 F.3d 629, 636 (2d Cir. 1996); *In re MTBE Products Liab. Litig.*, 175 F.Supp.2d at 631. In light of the foregoing, the Court sustains plaintiffs' claim that Sethi violated Section 349 of New York General Business Law.

## C. Unfair Competition and Misappropriation

██ Lastly, the Court turns to consider whether plaintiffs' adequately state a claim for unfair competition and misappropriation. An unfair competition claim exists where a defendant appropriates the "skill, expenditures and labor" of a plaintiff to gain a commercial advantage. *Roy Export Co. Establishment of Vaduz, Liechtenstein v. Columbia Broad. Sys., Inc.*, 672 F.2d 1095, 1105 (2d Cir.1982), *cert. denied*, 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982); *see Noble v. Great Brands of Eu-*

*rope, Inc.*, 949 F.Supp. 183, 188 (S.D.N.Y. 1996) (stating unfair competition involves "the bad faith misappropriation of the labors and expenditures of another"). Here, the gravamen of the complaint is that defendants acted in bad faith by misappropriating copyrighted music for their own financial gain and in order to realize a commercial advantage over that of the rightful owners of such copyrights. Having found sufficient facts to support a claim for unfair competition and misappropriation, the Court sustains the claim.

## IV. CONCLUSION

For the reasons stated herein, Sethi's motion to dismiss the complaint is GRANTED in part and DENIED in part. The motion is granted only to the extent that the Court dismisses plaintiffs' claims for: (1) copyright infringement based upon unregistered works; and, (2) conspiracy to infringe by the individual defendant, Maninder Sethi, with the corporate defendant, Wings Digital. Except as otherwise noted, the motion is DENIED.

SO ORDERED.