**George HOLLEY, Petitioner-Appellant,**

v.

**Walter CAPPS, Warden, Atmore State Prison, Respondent-Appellee.**

**No. 72-2572.**

United States Court of Appeals,
Fifth Circuit.

Nov. 14, 1972.

Appeal Dismissed March 14, 1973.

George Holley, pro se.

William Baxley, Atty. Gen., Joseph G. L. Marston, III, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

The petitioner-appellant George Holley appeals from the denial of his petition for habeas corpus by the trial court. The preliminary question of the timeliness of his appeal is presented in view

of the provisions of Rule 4(a) of the Federal Rules of Appellate Procedure which require notice of appeal to be filed with the Clerk of the District Court within thirty days of the entry of the district court's order appealed from. If the appeal was not timely taken we should dismiss it without considering the merits.

We note the following dates from an examination of the record. The petition for writ of habeas corpus was filed November 29, 1971, together with an affidavit of poverty. On February 1, 1972, the district court granted leave to proceed in forma pauperis and directed that the respondent, petitioner's prison custodian, appear or answer on or before March 1, 1972 and show cause why the writ should not be issued. The respondent's return with answer and motion to dismiss was filed February 23, 1972, and thereafter on February 29 the petitioner filed a responsive motion to dismiss and for summary judgment. On March 10, 1972, without hearing, the trial judge granted the respondent's motion to dismiss the petition and ordered it dismissed. No action toward an appeal was taken in the district court[1] by the appellant until May 17, 1972, when he filed a "Motion for Judgment", which the district court apparently considered as a motion to set aside the order of dismissal and denied on May 31, 1972.

Promptly, on June 1, 1972, the appellant filed in the district court his motion for certificate of probable cause.[2] The district court denied that motion on June 13, 1972, holding that probable cause for appeal did not exist. That order made no reference to the appellant's failure to file notice of appeal (or motion for a certificate of probable cause, tantamount to a notice of appeal) within the appropriate time limits. Since Rule 4(a), Federal Rules of Appellate Procedure, requires a notice of appeal to be filed within thirty days of the date of entry of the order appealed from, with an extension not to exceed thirty days, upon a showing by the appellant and a finding by the district court of excusable neglect, the district court should have made a finding relative to the timeliness of the appellant's motion as constituting his notice of appeal. Ordinarily, failure to file a notice of appeal within the time limits of Rule 4(a), F. R.A.P., would foreclose the right to appeal and would result in our having no jurisdiction to entertain the appeal. Dunn v. Henderson, 5 Cir. 1971, 446 F. 2d 1398, and cases there cited. If the appeal is considered as taken from the March 10 order of dismissal it was already out of time, including the additional thirty days for excusable neglect, on June 1, 1972, when the appellant moved the district court for a certificate of probable cause. On the other hand, if the appeal is properly taken from the May 31, 1972 order of the district court, it was clearly taken timely.[3]

1. On April 6 this Court received a petition which Holley sought to file here seeking a writ of mandamus to compel the district court to render a decision in his habeas corpus case. We brought this petition to the attention of the district court on the same date. Since the district court had acted upon the habeas corpus petition on March 10, 27 days prior thereto, it would appear that Holley had not received notice of the March 10 order at that time. By reply brief here he asserts that he did not receive his copy of the order of March 10 denying habeas corpus relief until May 24, 1972, and in support of that claim directs our attention to his motion for judgment which was filed in the lower court on May 17, 1972. The text of that motion appears to indicate lack of knowledge of the district court's dismissal order.

2. A prerequisite to an appeal by a state prisoner under the third paragraph of Title 28, U.S.Code, Section 2253.

3. One other development should be noted. On July 18, 1972, a judge of this Court granted the certificate of probable cause contemplated by Title 28, U.S.C., Section 2253, and also allowed the appeal to proceed in forma pauperis. No reasons were assigned by that order and we are unable to determine whether its entry involved consideration of the timeliness of the appeal.

Perhaps we should consider the question of timeliness and either dismiss the appeal as taken out of time or, upon a determination that it was timely taken, proceed to the merits. But the question is not briefed by either of the parties, and the district court has not seen fit to construe its orders. In view of these factors we believe that a limited remand to the district court is in order, to permit that court, initially at least, to make findings and conclusions as to whether the attempted appeal (by the filing of a motion for a certificate of probable cause on June 1, 1972) was or was not timely.

The case is remanded to the district court for a period of sixty days to permit a determination by that court, upon briefs, upon oral argument, or both in its discretion, of the question of timeliness. Pending the outcome jurisdiction will be retained by us. Cf. Bryant v. Elliott, 5 Cir. 1972, 467 F.2d 1109.