George **HOLLEY**, Petitioner-Appellant,

v.

Walter **CAPPS**, Warden, Atmore State Prison, Respondent-Appellee.

No. 72-2572

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 14, 1973.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

George Holley, pro se.

William Baxley, Atty. Gen., Joseph G. L. Marston, III, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

The district court has responded to our memorandum-opinion dated November 14, 1972, 468 F.2d 1366, in this cause by entry of the order copied in the margin.[1] Upon the basis thereof we conclude that the appeal was not timely taken. Accordingly, the appeal herein is dismissed.

---

1. The district court's order was dated February 21, 1973. Omitting formal parts it read as follows:

"The above-styled cause is before the Court on Mandate from the United States Court of Appeals for the Fifth Circuit directing this Court to make findings and conclusions as to whether the attempted appeal (by the filing of a motion for a certificate of probable cause on June 1, 1972) was or was not timely.

Upon receipt of the above Mandate, the Court furnished the parties a copy of same and directed them to file by February 15, 1973 a legal brief on the issue of timeliness of the appeal as directed by the Fifth Circuit. On January 30, 1973 the defendant, Walter Capps, complied with the Court Order; no reply has been received by the Court from the petitioner as of today's date.

The Court after considering the pleadings, legal brief of defendant and the law finds in the instant case the petition was filed on November 29, 1971 and dismissed by the Court on March 10, 1972. A copy of this Order was mailed to petitioner on March 14, 1973; yet the petitioner took no action for some sixty-four (64) days after that date, until May 17, 1972 when he filed his "motion for judgment". The certificate of probable cause was not filed until June 1, 1972; this was some eighty-three (83) days after the entry of judgment.

Federal Rules of Appellate Procedure 4(a) provide that notice of appeal be filed within 30 days of the date of entry of judgment; termination date of April 10, 1972 in this case. No notice of appeal nor a certificate of probable cause was filed by April 10, 1972. Rule 4(a) further provides that upon a showing of excusable neglect, the District Court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. No facts have been provided the Court on excusable neglect, even if petitioner had provided these facts, the Court would have been only able to extend the time until May 10, 1972, not until June 1, 1972 when he filed the certificate of probable cause.

Rule 4(a) further provides that the running of the time for filing a notice of appeal is terminated as to all parties upon (1) granting or denying a motion for judgment under Rule 52(b); Petitioner's motion for judgment filed May 17, 1972 was outside the time limitation of the initial 30 days and exceeded by four days the possible maximum 60 days at the time said motion was filed; therefore

It is the conclusion of this Court:

1. No appeal nor certificate of probable cause was filed within 30 days from date of entry of judgment in this cause.

2. No excusable neglect has been furnished this Court nor has there been an extension of the time for appeal.

3. The motion for judgment was filed past the initial time for appeal and too late even if there was a 30 day extension granted because of excusable neglect.

4. The attempted appeal by filing the cerificate of probable cause on June 1, 1973 was not timely."