Norman L. BIRL, Petitioner,

v.

W. J. ESTELLE, Jr., Director Texas Department of Corrections, Respondent.

No. 80–2179

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 5, 1981.

Norman L. Birl, pro se.

Mark White, Atty. Gen., Austin, Tex., for respondent.

Before CHARLES CLARK, Chief Judge, RUBIN and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

Norman Lee Birl appeals from the district court's denial of habeas corpus relief. Birl was convicted, after pleading guilty, of robbery and murder in Texas. His petition claims ineffective assistance of counsel, coercion of a guilty plea and failure by the trial judge to admonish him of the consequences of his coerced plea. The magistrate recommended that his petition be denied under Rule 9(a) of the Rules Governing § 2254 cases, or alternatively on the merits. The district court adopted the findings and recommendation of the magistrate that the petition be denied under Rule 9(a). We are without jurisdiction to hear Birl's appeal because of his failure to appeal within the time allowed by Fed.R.App. P. 4(a).

\ The magistrate's recommendation was adopted by the district court in its judgment entered March 7, 1980. Birl's notice of appeal was received by the district court clerk's office April 9, 1980 and filed the next day. This is beyond the 30-day limit provided by Federal Rules Appellate Procedure 4a. This limit is jurisdictional. *Holley v. Capps*, 468 F.2d 1366, 1367 (5th Cir. 1972), after remand, 475 F.2d 232, 233 (5th Cir. 1973). This default occurred prior to our prospective-only holding in *Sanchez v. Board of Regents*, 625 F.2d 521, 523 (5th Cir. 1980) construing Federal Rule of Appellate Procedure 4(a) as it existed prior to the 1979 amendments. Therefore, a panel of this court remanded to the district court

to determine whether Birl's tardiness was the result of excusable neglect. The district court was instructed to grant an extension if excusable neglect was found; otherwise, the appeal would be dismissed. On remand, the district court stated it was unaware of any excuse that Birl had to file late. However, the court reasoned that since Birl was proceeding *pro se*, the question of timely filing should be resolved in his favor. This ruling was in error.

■ The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. *Faretta v. California*, 422 U.S. 806, 834 n.46, 95 S.Ct. 2525, 2540, 45 L.Ed.2d 562 (1975). One who proceeds *pro se* with full knowledge and understanding of the risks involved acquires no greater rights than a litigant represented by a lawyer, *United States v. Pinkey*, 548 F.2d 305, 311 (10th Cir. 1977), unless a liberal construction of properly filed pleadings be considered an enhanced right. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure. *United States v. Pinkey*, 548 F.2d at 311; *Larkin v. United Ass'n of Plumbers and Pipefitters*, 338 F.2d 335, 336 (1st Cir.), *cert. denied*, 380 U.S. 975, 85 S.Ct. 1337, 14 L.Ed.2d 270 (1964). *See also, United States v. Fowler*, 605 F.2d 181, 183 (5th Cir. 1979), *cert. denied*, 445 U.S. 950, 100 S.Ct. 1599, 63 L.Ed.2d 785 (1980).

■ The burden of establishing excusable neglect is upon an appellant, even one proceeding *pro se*. *Craig v. Garrison*, 549 F.2d 306, 307 (4th Cir. 1977). Our circuit's rule is that the excusable neglect standard is a strict one, *Chipser v. Kohlmeyer & Co.*, 600 F.2d 1061, 1063 (5th Cir. 1979), requiring more than mere ignorance, *Bryant v. Elliott*, 467 F.2d 1109 (5th Cir. 1972). Failure to learn of the entry of judgment is the major, but not the only, reason for finding excusable neglect. *Chipser v. Kohlmeyer & Co.*, 600 F.2d at 1063. Other unique circumstances may render dismissal unfair. *Id.*

The party requesting the extension must make a clear showing that the circumstances causing the delay were unique and that the neglect was excusable. *Fase v. Seafarer's Welfare & Pension Plan*, 574 F.2d 72, 76 (2d Cir. 1978). Courts should sanction deviations from the letter of the rules only on the most compelling showing that the purposes of the rules are served. *In re Orbitec Corp.*, 520 F.2d 358, 362 (2nd Cir. 1975).

■ The record reflects that Birl received a copy of the judgment entered March 7, 1980 in ample time to comply with the 30-day filing requirement. The record also reflects that Birl is an individual of at least ordinary intelligence who has access to a prison law library. He is not a stranger to the courthouse or to habeas corpus proceedings. Therefore, viewing the facts and circumstances as a whole, *Wansor v. George Hantscho Co.*, 570 F.2d 1202, 1207 (5th Cir. 1978), we are unable to say that this is an extraordinary case where denying an extension would constitute an injustice. *Dugan v. Missouri Neon & Plastic Advertising Co.*, 472 F.2d 944, 948 (8th Cir. 1973). And although a district court's finding of excusable neglect is ordinarily given great deference, *Fase v. Seafarer's Welfare & Pension Plan*, 574 F.2d at 77, it must be remembered that no such finding was made below. Merely proceeding *pro se* does not confer an extension of the ordinary jurisdictional requirement of timely filing. *See Holley v. Capps*, 475 F.2d 232 (5th Cir. 1973). The appeal is

DISMISSED.