IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 96-20135

Summary Calendar

---

JUAN GARCIA PEREZ,

Petitioner-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of Criminal Justice,
Institutional Division,

Respondent-Appellee.

---

Appeal from the United States District Court
For the Southern District of Texas
(CA H-95-3524)

---

October 14, 1997

Before HIGGINBOTHAM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Juan Garcia Perez petitions for panel rehearing and rehearing en banc. We affirmed the denial of Perez's petition for habeas relief under 28 U.S.C. § 2254. Treating the Suggestion for Rehearing En Banc as a Petition for Panel Rehearing, the Petition for Panel Rehearing is DENIED. No member of the panel nor Judge in regular active service of the Court having requested that the Court

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

be polled on rehearing en banc (FRAP and Local Rule 35), the Suggestion for Rehearing En Banc is DENIED.

Perez contends that there are sufficient issues of material fact as to his trial counsel's ineffectiveness to defeat the state's motion for summary judgment. He argues that evidence developed in a 1993 evidentiary hearing before a different judge and in a different proceeding presents a fact issue. Because, in his response to the state's summary judgment motion, Perez made no effort to direct the district court's attention to this purported evidence, we will not permit him to rely on the record on appeal. Accordingly, we deny his petition for rehearing.

In his pro se petition for habeas relief, Perez alleged, among other things, that his trial counsel was ineffective in failing to inform him that the crime with which he was charged qualified as a felony, thereby subjecting him to possible sentence enhancement under Texas's habitual offender provisions. As a result, Perez claims he rejected a plea offer that included a shorter prison sentence than that eventually handed to him by the trial court.

The state moved for summary judgment, arguing that Perez's allegations were merely conclusory and thus did not warrant relief. In his response to the motion for summary judgment, Perez made no mention of the plea agreement or the record of the 1993 hearing, stating only that "[p]etitioner has alleged facts which are supported by official court records entitling him to relief."

Perez's response to the state's summary judgment motion was inadequate. We recognize that Perez is a pro se litigant; accordingly, we are under the duty to construe his pleadings liberally. See, e.g., McCrae v. Hankins, 720 F.2d 863, 865 (5th Cir. 1983) (stating that appellate court has duty to read plaintiff's pro se response to motion for summary judgment liberally). Nevertheless, Perez's pro se status does not relieve him of the procedural obligations imposed on all other litigants. See Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981). In response to a summary judgment motion, a litigant, whether pro se or represented, has the duty to present to the district court the evidence that creates a genuine issue of material fact. See Murrell v. Bennett, 615 F.2d 306, 309 (5th Cir. 1980). Perez's vague reference to "official court records" did no such thing.

We acknowledge that the record of the 1993 evidentiary hearing was before the district court, as the court relied upon the state's citations to the hearing in granting summary judgment. But we do not require courts to scour the record for factual issues that might support a pro se litigant's position; it is that litigant's obligation to direct the court's attention to the relevant evidence. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994) (pro se appellant must identify in his brief the specific portions of the record that contain the facts or issues that warrant appellate relief). Here, Perez's only support for his ineffectiveness claim was his own conclusory allegations; he made

3

no effort to present any other specific evidence to the district court.

We DENY the petition for rehearing.