Timothy BURKS, Jr., Plaintiff,

v.

NASSAU COUNTY SHERIFF'S DE-
PARTMENT, Division of Corrections,
James Neal, Medical Director, Edward
Reilly, Sheriff, Nassau University
Medical Center Prisonward, John
Doe, and Jane Doe, Defendants.

No. 03 CV 0645(ADS)(ARL).

United States District Court,
E.D. New York.

Oct. 11, 2003.

Timothy Burks, Jr., East Meadow, NY, for Plaintiff Pro Se.

Troy & Troy, Centereach, NY (Alexander V. Sansone, of Counsel), for the Defendant James Neal.

Nassau County Attorney's Office, Mineola, NY, by Sara A. Wells, Assistant County Attorney, Liora M. Ben–Sorek, Assistant County Attorney, for the Defendant Edward Reilly.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This case involves an all too familiar situation: a prison inmate attempting to convert a routine accident or injury into a constitutional or civil rights violation.

Presently before the Court is a motion to dismiss the complaint by defendant Sheriff Edward Reilly ("Reilly") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.").

## I. BACKGROUND

### A. Procedural Background

On February 10, 2003, Timothy Burks, Jr. ("Burks" or the "plaintiff"), proceeding *pro se,* commenced this action against the Nassau County Sheriff's Department, James Neal, Edward Reilly, and the Nassau University Medical Center Prisonward. By order dated March 12, 2003, this Court found that the plaintiff failed to state a claim upon which relief may be granted and dismissed his complaint *sua sponte* without prejudice with leave to file an amended complaint. On March 27, 2003, the plaintiff filed an amended complaint under 42 U.S.C. § 1983. Pursuant to Fed.R.Civ.P. 12(b)(6), Reilly now moves to dismiss the amended complaint for failure to state a claim upon which relief may be granted and for failure to exhaust all available administrative remedies. Burks has not filed any opposition papers.

### B. Factual Background

The following facts are taken from the plaintiff's amended complaint unless otherwise indicated. Burks is an inmate at the Nassau County Correctional Center. On April 11, 2002, while "standing between the cell door" talking to someone, the plaintiff was hit by the door as it closed. The plaintiff claims that an electrical malfunction caused the cell door to close and that he was never notified of these problems. He further asserts that Reilly failed to warn him not to stand in between the doors. In particular, he states that "it [was] unconstitutional to hold [and] hide knowledge from (inmates) people. If rules on regulations, warnings, etc, [were] directed towards my attention that cell doors had those problems ... I wouldn't be in the position I am in today."

As a result of the incident, Burks sustained injuries to his back, upper back-

bone, collar bone, and shoulders. On June 14, 2002, he had surgery for his shoulder injuries at the Nassau University Medical Center. In addition, Burks claims, without any elaboration, that he was denied proper medical care.

## II. DISCUSSION

### A. Standard of Review

In deciding a motion to dismiss under Rule 12(b)(6), the Court must liberally construe the claims, accepting all the factual allegations as true and drawing all reasonable inferences in favor of the plaintiff. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002). "The issue to consider is not whether the plaintiff will ultimately prevail but whether [he] is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995) (citation omitted). Dismissal is proper only if the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See King v. Simpson*, 189 F.3d 284, 286 (2d Cir.1999).

In making this determination, the Court is mindful that the plaintiff's *pro se* status means that his submissions should be held " 'to less stringent standards than formal pleadings drafted by lawyers.' " *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). The Court recognizes that it must make reasonable allowances so that a *pro se* plaintiff does not forfeit rights by virtue of his lack of legal training. *See Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983). Indeed, courts should "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.' " *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994)). Neverthe-

less, *pro se* status " 'does not exempt a party from compliance with relevant rules of procedural and substantive law.' " *Traguth*, 710 F.2d at 95 (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981)).

### B. Prison Litigation Reform Act

#### 1. Exhaustion Requirement

The Prison Litigation Reform Act of 1995 ("PLRA") imposes a mandatory exhaustion requirement on prisoners prior to commencing an action with respect to prison conditions under Section 1983 or any other federal law. 42 U.S.C. § 1997e(a). "The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Thus, dismissal may be appropriate where a plaintiff fails to exhaust available administrative remedies. *See Watts v. New York State D.O.C.S.*, No. 00–0216, 2003 WL 21191141, *1, 2003 U.S.App. LEXIS 9807, at *3 (2d Cir. May 21, 2003).

In this case, Burks claims his constitutional rights were violated because he was never warned about the defective cell doors and he was provided with inadequate medical care. These allegations involve "prison life." *See Watts v. New York State D.O.C.S.*, No. 00–0216, 2003 WL 21191141, *1, 2003 U.S.App. LEXIS 9807, at *3 (2d Cir. May 21, 2003) (determining that the PLRA's exhaustion requirement applies to a Section 1983 action for inadequate medical care); *Neal v. Goord*, 267 F.3d 116, 119 (2d Cir.2001) (holding that "prison conditions" are "those aspects of prison life affecting the entire prison population"). As such, the plaintiff was required to exhaust his available administrative remedies before commencing this action. Burks ac-

knowledges in his amended complaint that there is a prisoner grievance procedure at the Nassau County Correctional Center, but admits that he did not comply with its requirements. Because the plaintiff failed to exhaust his administrative remedies, this Court lacks jurisdiction. *See Benitez v. Straley,* No. 01 Civ. 0181, 2002 WL 31093608, *1, 2002 U.S. Dist. LEXIS 17519, at *2 (S.D.N.Y. Sept. 18, 2002). Accordingly, Reilly's motion to dismiss the complaint in its entirety is granted.

## 2. Failure to State a Claim

Furthermore, under the provisions of 28 U.S.C. § 1915, as amended by the PLRA, a district court must dismiss an *in forma pauperis* complaint if the action is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Here, the amended complaint makes no viable allegation against the non-moving named defendants Nassau County Sheriff's Department, James Neal, and Nassau University Medical Center Prisonward.

■ To state a claim under Section 1983, a plaintiff must allege that, (1) the conduct complained of is fairly attributable to a person who was acting under color of state law; and (2) the conduct deprived the plaintiff of his rights or privileges secured by the Constitution or federal laws. *Annis v. County of Westchester,* 136 F.3d 239, 246 (2d Cir.1998). Absent sufficient factual allegations that the intentional or reckless conduct of a state official caused the plaintiff's injury, a complaint is not cognizable under Section 1983. *Daniels v. Williams,* 474 U.S. 327, 328–31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon,* 474 U.S. 344, 347–48, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

■ Here, the allegations in the complaint regarding the defective cell doors amount, at most, to a simple negligence claim. Mere allegations of negligence are insufficient to state a claim under Section 1983 and do not give rise to a constitutional violation. *Poe v. Leonard,* 282 F.3d 123, 145 (2d Cir.2002).

■ Furthermore, even if the plaintiff were to properly allege a cognizable constitutional violation under Section 1983, the plaintiff's claim of negligence must be dismissed because Burks failed to allege that he served a notice of claim on Nassau County pursuant to New York General Municipal Law § 50 *et seq. See* N.Y. Gen. Mun. Law § 50–e(1)(a) (requiring that a notice of claim be made and served upon a public corporation within ninety days after a claim arises); N.Y. Gen. Mun. Law § 50–i(1)(b) (requiring that a plaintiff plead in his complaint or moving papers that at least thirty days have lapsed since the service of a notice of claim); *see also Mroz v. City of Tonawanda,* 999 F.Supp. 436, 451 (W.D.N.Y.1998) (untimely notice of tort claim barred negligence claim against city). Thus, the plaintiff's state law negligence claim is barred. Accordingly, the Court, *sua sponte,* dismisses this claim as against the Nassau County Sheriff's Department, James Neal, and Nassau University Medical Center Prisonward.

■ The plaintiff also asserts that he received inadequate medical care. Although Burks does not specifically cite to the Eighth Amendment or the Fourteenth Amendment, the Court assumes that he is alleging that the defendants violated his Eighth Amendment rights or his rights under the Due Process Clause of the Fourteenth Amendment. While the Eighth Amendment protects incarcerated prisoners from cruel and unusual punishment in the form of inadequate medical care, the Due Process Clause of the Fourteenth

Amendment protects pretrial detainees from inadequate medical care by the state. *See Bewry v. Hopkins,* No. 96–2829, 1997 WL 589683, *1, 1997 U.S.App. LEXIS 26241, at *2 (2d Cir. Sept. 22, 1997); *McKenna v. Wright,* No. 01 Civ. 6571, 2002 WL 338375, *9, 2002 U.S. Dist. LEXIS 3489, at *30 (S.D.N.Y. Mar. 4, 2002). While the plaintiff refers to himself as an "inmate" and also as a "detainee," Reilly consistently refers to him as an "inmate." Nevertheless, regardless of the academic distinction between the Eighth and Fourteenth Amendments, "the standard for analyzing a pre-trial detainee's Fourteenth Amendment claim is the same as the Eighth Amendment standard." *Bourdon v. Roney,* No. 99 Civ. 0769, 2003 WL 21058177, *10, 2003 U.S. Dist. LEXIS 3234, at *29 (N.D.N.Y. Mar. 6, 2003) (citing *Weyant v. Okst,* 101 F.3d 845, 856 (2d Cir.1996)).

■■■ To establish a constitutional claim of inadequate medical care, Burks must establish that the defendants "denied him treatment necessary to remedy a serious medical condition and [sic] did so because of deliberate indifference" to that need. *Bewry v. Hopkins,* No. 96–2829, 1997 WL 589683, *1, 1997 U.S.App. LEXIS 26241, at *2 (2d Cir. Sept. 22, 1997); *see Boomer v. Lanigan,* No. 00 Civ. 5540, 2002 WL 31413804, *5, 2002 U.S. Dist. LEXIS 20514, at *18 (S.D.N.Y. Oct. 24, 2002). Under this requirement, Burks must show that, objectively, the medical condition was serious and that, subjectively, the defendant acted with deliberate indifference to his medical needs. *See Brock v. Wright,* 315 F.3d 158, 162 (2d Cir.2003) (citations omitted). While Burks identifies a serious medical condition, he sets forth no facts showing that the defendants acted with deliberate indifference. *See Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Accordingly, the Court, *sua sponte,* dismisses this claim as against the Nassau County Sheriff's Department, James Neal, and Nassau University Medical Center Prisonward.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that Reilly's motion to dismiss the complaint is GRANTED; and it is further

**ORDERED**, that the Court *sua sponte* dismisses all of the claims against the Nassau County Sheriff's Department, James Neal, and Nassau University Medical Center Prisonward with prejudice; and it is further

**ORDERED**, that the complaint is dismissed in its entirety and with prejudice; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**