# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 23, 2008

Charles R. Fulbruge III
Clerk

No. 08-40101
Summary Calendar

JENNIFER WOMACK

Plaintiff-Appellant

v.

GALVESTON HOUSING AUTHORITY; CHILD PROTECTIVE SERVICES STATE OF TEXAS, (Certain Employees); GALVESTON INDEPENDENT SCHOOL DISTRICT

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:06-CV-707

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jennifer Womack has moved for leave to proceed in forma pauperis (IFP) in this appeal from the dismissal of her complaint against Galveston Housing Authority (GHA), in which she alleged, inter alia, that GHA wrongfully terminated her status as a Section 8 tenant. Womack has also moved for leave

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to obtain transcripts at the Government's expense and for the appointment of counsel on appeal.

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). A timely notice of appeal in a civil case is "mandatory and jurisdictional." Bowles v. Russell, 127 S. Ct. 2360, 2366 (2007). Federal Rule of Appellate Procedure 4(a)(1)(A) requires that the notice of appeal in a civil action be filed within 30 days of entry of the judgment or order from which the appeal is taken.

The final judgment dismissing Womack's complaint was entered on December 26, 2007. To be timely, Womack's notice of appeal should have been filed no later than Friday, January 25, 2008, but it was not filed until the following Monday, January 28, 2008. She contends that the judgment was sent to her on January 3, 2008; however, it is the date of the entry of judgment and not the date of receipt that controls. See Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1201 (5th Cir. 1993); see also Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981). Thus, Womack's appeal is untimely, and this court lacks jurisdiction to entertain any challenge to the district court's dismissal of her complaint.

Accordingly, Womack's appeal is DISMISSED, and her motions for leave to proceed IFP on appeal, to obtain transcripts at the Government's expense, and to be appointed counsel on appeal are DENIED.