# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-20579
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 15, 2019

Lyle W. Cayce
Clerk

SECURITIES & EXCHANGE COMMISSION,

      Plaintiff

v.

ALBERT FASE KALETA,

      Defendant

v.

WAYNE ENGLISH; JAMES D. COLLING,

      Appellants

v.

THOMAS L. TAYLOR, solely in his capacity as Court-appointed Receiver for
Kaleta Capital Management, Incorporated, et al.,

      Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-3674

No. 18-20579

Before STEWART, Chief Judge, and GRAVES and DUNCAN, Circuit Judges.

PER CURIAM:*

I.

Pro se plaintiffs Wayne M. English ("English") and James D. Colling ("Colling") (collectively, the "Investors") appeal the district court's denial of their motion for leave to file a lawsuit against Thomas Taylor ("Taylor"), the SEC Receiver. Additionally, liberally construing the Investors' notice of appeal, the Investors also appeal the district court's denial of their motion for a new trial. For the reasons stated below, we DISMISS the Investors' appeal for lack of jurisdiction.

The Investors each invested $100,000 in the Wallace Bajjali Investment Fund II, L.P. ("WB Fund"), formed and managed by Costa Bajjali ("Bajjali") and David Gordon Wallace ("Wallace"). By investing in the WB Fund, English and Colling received a limited partnership interest in the fund. The partnership agreement limited the amount of the WB Fund's investment in any one entity to no more than 33% of the total funds raised. The WB Fund violated this agreement, making a substantial investment in Business Radio Network, L.P. d/b/a BizRadio beyond the 33% threshold. BizRadio was the creation of Albert Kaleta ("Kaleta") and Daniel Frishberg ("Frishberg"). Kaleta and Frishberg created a network of affiliated companies to in part solicit investors to invest with Kaleta Capital Management, Inc. ("KCM") through promissory-note securities. With these investments, KCM then loaned money to BizRadio and Daniel Frishberg Financial Services, Inc. d/b/a DFFS Capital Management, Inc.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20579

In 2009, the Securities and Exchange Commission ("SEC") began an investigation into Kaleta and KCM's actions in misrepresenting important facts regarding the promissory-note offering.[1] In late 2009, the SEC filed a complaint against Kaleta, KCM, and Relief Defendants BizRadio and DFFS. The complaint alleged violations of the Securities Act of 1933, 15 U.S.C. § 77a, *et seq.*; the Securities and Exchange Act of 1934, 15 U.S.C. § 78a, *et. seq.*; and the Investment Advisers Act of 1940, 15 U.S.C. § 80a–1, *et seq.* The SEC alleged that among other actions, "KCM, a private company owned and controlled by Kaleta, ha[d] raised approximately $10 million from approximately 50 investors in a fraudulent offering of promissory-note securities." In December 2009, Taylor was appointed as Receiver for KCM. In 2010, Taylor's receivership was expanded to include BizRadio and DFFS. As Receiver, Taylor was responsible for conserving the assets of the receivership estate and facilitating their return to the parties harmed by KCM's fraudulent conduct.

In July 2016, the district court granted Taylor's motion to approve [the] final plan of distribution of receivership assets (the "Final Plan"). As an investor in BizRadio, the WB Fund received money from the receivership estate. The Investors did not object to the Final Plan until almost two months after the district court's order. Thus, the district court overruled the Investors' objections as untimely. The district court also overruled their objections on the merits, determining that the WB Fund's bankruptcy estate was the correct recipient of the receivership funds, not the Investors.

---

[1] In 2011, the SEC also filed an additional enforcement action against Wallace and Bajjali for violations of Section 17(a)(2) and 17(a)(3) of the Securities Act of 1933, 15 U.S.C. § 77q(a)(2)-(3). Agreed Final Judgments were entered against Wallace and Bajjali in this action, ordering each to pay $60,000 in civil penalties. Wallace and Bajjali were also enjoined from future violations of 15 U.S.C. § 77q. In 2015, the WB Fund declared Chapter 7 bankruptcy.

No. 18-20579

In December 2017, the Investors moved to file suit against Taylor. The Investors alleged that Taylor was malfeasant and grossly negligent in his management of the SEC receivership. The district court denied this motion because the Investors "lack[ed] standing to bring the claims asserted in the [m]otion, which properly belong either to the WB fund or its bankruptcy estate." The Investors moved for a new trial which the district court liberally construed as a Rule 59 and/or Rule 60 motion. *See* Fed. R. Civ. P. 59, 60. On June 7, 2018, the district court also denied this motion.

On July 3, 2018, the Investors filed a "motion for extension of time to file their notice of appeal." The district court denied the Investors' motion and also denied the Investors' subsequent motion for findings of fact and conclusions of law.[2] On August 15, 2018, the Investors filed an "amended notice of appeal to the Fifth Circuit Court of Appeals." The next day, the district court clerk entered the Investors' notice of appeal.

II.

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). The Federal Rules of Appellate Procedure mandate that a notice of appeal must be filed with the district court clerk within 30 days of the entry of the judgment or order being appealed. Fed. R. App. P. 4(a)(1)(A). However, if a party is a United States officer or employee sued in an official capacity, or if the party is a current or former officer of the United States being sued in an individual capacity for conduct in connection with their duties on behalf of the United States, then the appealing party has 60 days.  Fed. R. App. P. 4(a)(1)(B)(iii)-(iv). If a party files a Rule 59 or 60 motion, then "the time to file an appeal runs for all parties from

---

[2] As part of their motion for findings of fact and conclusions of law, the Investors sought a finding as to whether Taylor was an officer of the United States.

4

the entry of the order disposing of the last such remaining [Rule 59 or 60 motion]." Fed. R. App. P. 4(a)(4)(A)(iv)-(vi); *see also* Fed. R. Civ. P. 59, 60.

On July 3, 2017, the Investors filed with the district court clerk, what they deemed to be a notice of appeal; however, pursuant to the Federal Rules of Appellate Procedure it was improper. A notice of appeal must specify the party or parties appealing, it must designate the judgment or order being appealed, and it must name the court to which the appeal is taken. Fed. R. App. P. 3(c)(1). We note that the Investors are pro se plaintiffs and we must liberally construe their filings, but even so, they are still required to comply with the Federal Rules of Appellate Procedure. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) ("[P]ro se litigants, like all other parties, must abide by the Federal Rules of Appellate Procedure."); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975))).

The Investors' motion for extension of time to file their notice of appeal cannot be construed as a proper notice of appeal. The Investors failed to state which judgment or order they were appealing.[3] Moreover, within the motion itself they explicitly state that they needed "additional time to raise funds and determine if the issues warrant an appeal to the 5th Circuit."[4] The only notice

---

[3] The Investors assert in the beginning of their motion for an extension of time that they seek additional time to appeal the district court's denial of their motion for a new trial. However, they never actually asserted that they were appealing this denial.

[4] We must liberally construe the requirements of Rule 3 of the Federal Rules of Appellate Procedure. *See Smith v. Barry*, 502 U.S. 244, 248 (1992). However, in this case, we cannot liberally construe the Investors' motion to be the "functional equivalent" of a notice of appeal. *Id.* ("[W]hen papers are 'technically at variance with the letter of Rule 3, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires.'" (quoting *Torres v. Oakland Scavenger Co.*,

No. 18-20579

of appeal that the district court recognized was the notice filed on August 15, 2018, which is beyond the 30-day threshold for a timely notice of appeal. Additionally, assuming without deciding that Taylor was a current or former officer of the United States, the Investors' amended notice of appeal would still be untimely. Thus, for these reasons, we must dismiss the Investors' appeal for lack of jurisdiction.

---

487 U.S. 312, 316-17 (1988))). The purpose of Rule 3 is to provide sufficient notice to the court and other parties regarding a party's intent to appeal. *See Smith*, 502 U.S. at 248. In this case, the Investors' sole intent in filing this motion was to seek more time to consider whether appealing was warranted.