# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 6, 2022

Lyle W. Cayce
Clerk

No. 21-40042
Summary Calendar

---

Elias Gaitan,

*Plaintiff—Appellant*,

*versus*

Luis V. Saenz; Samuel Lucio; Rebecca RuBane; Brady M. Bailey,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:19-CV-102

---

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Elias Gaitan appeals from the dismissal of his complaint seeking relief under 42 U.S.C. § 1983. For the following reasons, we AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40042

Elias Gaitan is currently a prisoner in state custody who was convicted in 2014 of sexual abuse of a child, aggravated sexual assault of a child, and indecency with a child. He filed a pro se complaint on June 17, 2019, raising both Texas state-law claims and claims under 42 U.S.C. § 1983 stemming from his state conviction. Those claims were also related to the petition for the writ of habeas corpus under 28 U.S.C. § 2254 that Gaitan had additionally filed to challenge his conviction.[1] Gaitan levied allegations against: (1) Cameron County District Attorney Luis V. Saenz; (2) Assistant District Attorney Brandy M. Bailey; (3) Brownsville Police Department Detective Samuel Lucio; and (4) Gaitan's trial counsel, Rebecca RuBane.

On July 29, 2019, the magistrate judge granted Gaitan's application to proceed in forma pauperis (IFP) and ordered Gaitan to provide a more definite statement outlining his allegations. In response, Gaitan filed a "Motion to Amend" that alleged wide-ranging abuses of his civil rights in connection to his state trial, which the magistrate judge noted "closely resemble[d] claims raised in [Gaitan's] § 2254 Petition. Observing that "Gaitan's claims are difficult to follow and unclear as to which individuals he claims are liable" and to "ensure that Gaitan's claims are accurately considered," the magistrate judge scheduled a hearing under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to allow Gaitan to detail his allegations.

At that hearing, Gaitan abandoned his state-law claims. He then attempted to explain his § 1983 claims, which seemed to include allegations that: (1) Saenz and Detective Lucio withheld information Gaitan sought for his habeas petition; (2) violations of the duty to disclose articulated in *Brady*

---

[1] That petition has since been dismissed by the district court and our court has denied Gaitan's motion for a certificate of appealability to challenge that decision.

No. 21-40042

*v. Maryland*, 373 U.S. 83 (1985); (3) illegal seizure of Gaitan's BMW during his arrest; and (4) various constitutional violations that occurred during his initial arrest and trial, including the delivery of perjured testimony by Detective Lucio.

The magistrate judge recommended that Gaitan's claims be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. He first found that most of Gaitan's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), as they concerned the validity of his state conviction. He then found that Gaitan's remaining claims, even construed liberally, failed to state any cognizable constitutional violations, lacked any factual support, and/or were alleged against non-state actors who cannot be subject to § 1983 claims. The district court adopted the magistrate judge's recommendations over Gaitan's objections and ordered that Gaitan's claims be dismissed with prejudice. Gaitan timely appeals.

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the district court must dismiss an IFP prisoner complaint if it fails to state a claim. *Legate v. Livingston*, 822 F.3d 207, 209 (5th Cir. 2016). "Dismissals under §§ 1915(e)(2)(B)(ii), 1915A(b)(1), and 1997e(c)(1) for failure to state a claim are reviewed de novo—the same standard applied to dismissals under Federal Rule of Civil Procedure 12(b)(6)." *Id.* at 209–10. Therefore, to survive dismissal, Gaitan's complaint must contain "sufficient factual matter" that, if "accepted as true," would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A document filed *pro se* is 'to be liberally construed'" and, if that document is a complaint, then "however inartfully pleaded, [it] must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). That being said, such liberal construction "does not exempt

3

a party from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981).

We agree with the magistrate judge that the thread of Gaitan's arguments and allegations are difficult to trace and that, even after a hearing, they verge on "nonsensical" and are certainly "unclear regarding which of [Gaitan's] constitutional rights were violated and to what relief he is entitled pursuant to 42 U.S.C. § 1983." That being said, we see no error with the possible claims that the magistrate judge, after much bushwhacking, eventually discovered within Gaitan's presentation, nor do we see error in the district court's decision that those claims should be dismissed with prejudice. Gaitan principally focuses on alleged violations he claims occurred during his trial. Those allegations are undoubtedly *Heck*-barred. Any finding that the proffered violations were true would imply the invalidity of Gaitan's conviction, and *Heck* therefore requires dismissal of those § 1983 claims.

Further, none of Gaitan's other claims can survive dismissal. For many, he is unable to identify any violations of his constitutional rights. To the extent that his complaints regarding the investigation that led to his trial and conviction can be considered an allegation of malicious prosecution (as the magistrate judge construed them), we agree that there is nothing beyond "generalized assertions that his constitutional rights were violated by the prosecution's improper investigation" which are insufficient to state a claim. As to Gaitan's allegations that certain unidentified individuals who may or may not have been hired by Detective Lucio stole his car, Gaitan is unable to provide sufficient factual support that the theft actually occurred and that, if it did, the thieves were acting under the color of state law. Finally, Gaitan's allegations against his defense counsel, Rebecca RuBane, necessarily fail because she is not a state actor and therefore cannot be subject to a § 1983 suit. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that public defenders are not state actors for § 1983 purposes when acting in their role as

counsel to a defendant); *Pete v. Metcalfe*, 8 F.3d 214, 216–17 (5th Cir. 1993) (dismissing claims against private defense attorneys that alleged "nothing more than professional malpractice"). Gaitan is unable to state any valid claims under § 1983, and therefore the district court was correct to dismiss his complaint.

For the foregoing reasons, we AFFIRM.