# United States Court of Appeals for the Fifth Circuit

———————

No. 24-60393
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

February 21, 2025

Lyle W. Cayce
Clerk

Jennine Labuzan-Delane,

*Plaintiff—Appellant*,

*versus*

Cochran & Cochran Land Company, Incorporated;
Cochran Farms, Incorporated; Lakeland Farms, L.L.C.;
Greenlee Family, L.L.C.; David T. Cochran; Jennings
Farm, Incorporated,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:22-CV-149

———————————————————

Before Jolly, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Jennine Labuzan-Delane filed this pro se ejectment action claiming an ownership interest in land that was transferred by a federal land patent to her ancestor and two others nearly 200 years ago. While her notice of appeal

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

expressly designated only the order that granted relief on the defendants' counterclaims, we can fairly infer that she also intended to appeal an earlier order granting summary judgment for the defendants on the ejectment claim. The appellees acknowledge that they are not prejudiced by the omission of the order from the notice of appeal. Accordingly, we have jurisdiction to review both orders. *See Turnbull v. United States*, 929 F.2d 173, 177 (5th Cir. 1991).

According to Labuzan-Delane, the district court erred by deciding the summary judgment motions when the parties had not conducted any discovery and the defendants refused to confer about a discovery plan. However, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). Labuzan-Delane did not move to compel discovery from the defendants under Federal Rule of Civil Procedure 37 or seek additional time to conduct discovery under Federal Rule of Civil Procedure 56(d) before responding to their motions for summary judgment. Accordingly, her argument is unavailing. *See Potter v. Delta Air Lines, Inc.*, 98 F.3d 881, 887 (5th Cir. 1996); *Birl*, 660 F.2d at 593.

Labuzan-Delane also contends that the district court erred by viewing the evidence in the light most favorable to the defendants and granting summary judgment despite disputed factual issues. Specifically, she relies on evidence that the land patent was recorded in county records in 1919 as disputing the evidence that her ancestor sold the land to a bank in 1848, which the district court found dispositive of her claim. *See French's Lessee v. Spencer*, 62 U.S. 228, 232 (1858).

We review the grant of summary judgment de novo. *See Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). Labuzan-Delane does not explain how the evidence that the patent was recorded in 1919 disputes the evidence

that the land was sold in 1848, and her remaining arguments about deficiencies in the defendants' evidence are nonsensical. She thus fails to show that there was "a genuine dispute as to a material fact" sufficient to defeat summary judgment on the ejectment claim. Fed. R. Civ. P. 56(a). Accordingly, we need not review the district court's alternative conclusion that the claim was defeated by adverse possession. *See Rockwell v. Brown*, 664 F.3d 985, 990 (5th Cir. 2011).

Finally, Labuzan-Delane challenges the district court's award of attorneys' fees and costs to the defendants, which we review for abuse of discretion. *See Autry v. Fort Bend Indep. Sch. Dist.*, 704 F.3d 344, 349 & n.15 (5th Cir. 2013). She asserts that the court erred because an ejectment action by the heir of a patent grantee is not frivolous.

The district court awarded only those costs and fees incurred after it issued an order granting summary judgment on the ejectment claim that explained why the claim was meritless. Labuzan-Delane does not explain how the court either erred under Mississippi Code Annotated § 11-55-5(4) or made a clearly erroneous assessment of the facts. She thus fails to show that the court abused its discretion. *See United States v. Ragsdale*, 426 F.3d 765, 774 (5th Cir. 2005). The court also acted within its authority by warning Labuzan-Delane that she will face additional sanctions if she continues to pursue the meritless claim. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991); *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).

AFFIRMED.